# Richmond.

## NORFOLK AND WESTERN RAILWAY CO. v. STRICKLER.

### November 11, 1915.

### Absent, Keith, P.

1. APPEAL AND ERROR—*Verdicts—Evidence Contradicted by Physical
   Facts—Incredible Statements—Case at Bar.*—Courts are not required
   to believe that which is contrary to human experience and the laws
   of nature, or which they judicially know to be incredible.  Though
   the case be heard as on a demurrer to the evidence, the court will
   not stultify itself by allowing a verdict to stand, although there
   may be evidence tending to support it, when the physical facts dem-
   onstrate such evidence to be untrue, and the verdict to be unjust and
   unsupported in law and in fact.  In the case at bar, the statement
   of the plaintiff, whose automobile was struck at a grade crossing
   while running only five or six miles an hour, that he both looked
   and listened so as to make his looking and listening effective and
   neither saw nor heard the rapidly approaching truck at any point
   within a clear, unobstructed view of fifteen hundred feet, is in-
   credible.

Error to a judgment of the Circuit Court of Page county in
an action of trespass on the case.   Judgment for the plaintiff.
Defendant assigns error.

*Reversed.*

The opinion states the case.

*Staples & Cocke* and *W. F. Keyser,* for the plaintiff in error.

*Walton & Brother* and *McHugh & Heazel,* for the defendant
in error.

HARRISON, J., deliverd the opinion of the court.

This suit was brought by D. W. Strickler to recover of the
defendant railway company damages for injuries sustained by

him in a collision of his automobile with the defendant's auto-motor truck, at a public crossing, which injuries, it is alleged, resulted from the defendant's negligence. There was a verdict and judgment for $500 in favor of the plaintiff, which is brought under review by this writ of error.

We are of opinion that the demurrer to the declaration was properly overruled. We are further of opinion that if the negligence of the defendant were conceded, the plaintiff would not be entitled to recover, because he was guilty of negligence proximately contributing to his injuries. The evidence shows that from a point in the highway thirty feet from the crossing, and until the same was reached, the track in the direction from which the motor truck was coming was straight and level, affording an unobstructed view of the rails and ties, for a distance of 1,500 feet. The plaintiff says that his car was a light "Metz" machine, which cost $423, and that in approaching the crossing at six or seven miles an hour the car could have been stopped in three or four feet; that in approaching the crossing he listened and kept a lookout all he knew how in the direction from which the motor truck came; and that he did not see or hear the same until it was within twenty-five yards of his car, which was then nearly across the track. The plaintiff was asked: "If you can see east from there and what was moving towards you when you looked, why didn't you see the truck?" His reply was: "Simply because it wasn't there, is the only reason I can give." It is impossible that the plaintiff could have traversed the thirty feet, listening and looking, over a clear track of 1,500 feet, and not have seen an approaching motor truck until it was too near for him to stop short of the track, or for the truck to avoid the collision. He says that his vision was good; that he looked, as claimed, continuously while passing over the thirty feet and did not see the motor truck approaching anywhere within the distance of fifteen hundred feet is an incredible statement that cannot be accepted. He could have stopped within three or four feet

of the track and avoided the accident.   It was his duty to look and listen for railroad vehicles.   Upon the plaintiff's own statement, the conclusion is unavoidable that he failed to look at any point within thirty feet of the track, or if he looked that he failed to heed the approach of the motor truck, which he must necessarily have seen.   He says that he could have stopped the car within three or four feet; one look, therefore, at any point within thirty feet, would have warned him of his danger in time for him to have avoided the accident by stopping his car and letting the truck pass.   The plaintiff says his hearing was unimpaired.   It is hardly less incredible that the plaintiff listened and did not hear the unusually loud noise of an approaching motor truck.   Others, very much less favorably situated, heard it without difficulty, and were not listening with a view to hearing.   That the plaintiff both looked and listened so as to make his looking and listening effective, and neither saw nor heard the rapidly approaching motor at any point within the clear unobstructed view of fifteen hundred feet, is wholly incredible.

This court has repeatedly declared that courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible.   Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue and the verdict to be unjust and unsupported in law and in fact.   *C. & O. Ry. Co.* v. *Anderson,* 93 Va. 650, 25 S. E. 947; *Harvey's Case,* 103 Va. 850, 49 S. E. 481; *Clopton's Case,* 109 Va. 813, 63 S. E. 1022; *N. & W. Ry. Co.* v. *Crowe's Admr.,* 110 Va. 798, 67 S. E. 518; *Southern Ry. Co.* v. *Wiley,* 112 Va. 183, 70 S. E. 510.

In the case last mentioned, Judge Keith cites with approval Moore on Facts, wherein it is said: "Courts are not so deaf to the voice of nature, or so blind to the laws of physics, that

every utterance of a witness in derogation of these laws will be treated as testimony of probative value because of its utterance. A court will treat that as unsaid by a witnes which in the very nature of things could not be said."

The motor, which had the right of way, was occupied by eight civil engineers, employees of the defendant, who were returning from their work to Luray. Two of these occupants were seated on the front of the motor constantly looking forward along the track and did not see the plaintiff's danger until it was too late to avoid the collision, though all was done that could be done to avert the accident. As a result of the collision the automobile was turned over, the plaintiff suffering a fracture of his left arm, a dislocation of the elbow joint and other serious injuries. The motor car was derailed, one of its occupants killed and several seriously hurt. The plaintiff, according to his own statement, was most seriously and painfully hurt, and his automobile was practically a total wreck, and yet the jury gave a verdict for only $500, which is significant as showing their view of the event.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial, if the plaintiff be so advised, to be had not in conflict with the views expressed in this opinion.

*Reversed.*