# Staunton.

## OVIE BROOKS v. COMMONWEALTH OF VIRGINIA.

### September 23, 1926.

1. APPEAL AND ERROR—*Demurrer to an Indictment—Grounds of Objection not Made in the Court Below—Rule Twenty-Two—Case at Bar.*— In the instant case, a prosecution for involuntary manslaughter, there was a demurrer to the indictment, and very substantial reasons were urged before the Supreme Court of Appeals for sustaining the demurrer, but it nowhere appeared from the record that the grounds of objection to the indictment made in the Supreme Court of Appeals were made in the trial court.

   *Held:* That under rule twenty-two of the Supreme Court of Appeals the objections would not be considered on appeal, especially as the ends of justice would be attained by consideration of the assignment of error that the verdict was contrary to the law and the evidence and was without credible evidence to support it.

2. APPEAL AND ERROR—*Evidence to Support Verdict of Guilty—Evidence in Conflict with the Physical Facts—Case at Bar.*—In the instant case, a prosecution for involuntary manslaughter, even if it were conceded that there was a material conflict in the evidence, the overwhelming weight of it was against the verdict of the jury and in favor of the defendant, but the physical facts which were undisputed removed all conflict and contradicted any and all evidence upon which the verdict could have rested and left it without credible support.

   *Held:* That the judgment upon the verdict of guilty must be reversed.

3. APPEAL AND ERROR—*Evidence to Support Verdict of Guilty—Evidence in Conflict with Physical Facts—Case at Bar.*—In the instant case, a prosecution for involuntary manslaughter, where defendant's automobile after collision with another skidded across the road and killed a pedestrian, the indictment charged that defendant drove his car at a speed in excess of that allowed by law and operated it in a grossly careless, reckless and negligent way.   The occupants of the other car testified that their car was well over on their right hand side of the road when the collision occurred, but the uncontradicted physical facts testified to by numerous witnesses showed that at the moment of impact with the other car that defendant's right front wheel came in contact with the bank on the side of the road on his right.   At the point of collision the tracks of defendant's car were plainly visible in the ditch on his right hand side of the road.

*Held:* That the evidence did not support a verdict of guilty.

4. AUTOMOBILES—*Negligence of Driver—Car Wobbling at the Time of Collision—Case at Bar.*—In the instant case, a prosecution for involuntary manslaughter growing out of an automobile collision between defendant's car and another car, the driver of the other car testified that defendant tried to check his car and it skidded and was wobbling at the time of the accident.

*Held:* That if defendant's car was wobbling, this could not have contributed to the collision, because the physical facts showed that at the time of the collision the right wheels of defendant's car were in the ditch on his right.

5. APPEAL AND ERROR—*Evidence—Evidence Contradicted by the Physical Facts—Judicial Notice.*—Courts are not required to believe that which is contrary to human experience and the laws of nature or which they judicially know to be incredible. Though the case be heard as on a demurrer to the evidence, a court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue and the verdict to be unjust and unsupported in law and fact.

Appeal from a judgment of the Circuit Court of Russell county.

*Reversed and remanded.*

The opinion states the case.

*Bird & Lively,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

The plaintiff in error, hereafter referred to as defendant, was, on the 12th day of September, 1925, indicted in the Circuit Court of Russell county for involuntary manslaughter. Upon trial he was found guilty and sentenced to confinement in the county jail for ninety

days and to pay a fine of three hundred dollars. The judgment of the trial court is before us for review upon a writ of error duly granted.

[1] There was a demurrer to the indictment and very substantial reasons were urged before this court both in the oral argument and in the brief for sustaining the demurrer, but it nowhere appears from the record that the grounds of objection to the indictment made in this court were made in the trial court, and under Rule 22 the objections will not be considered here, especially as the ends of justice will be attained by a consideration of the only other ground of error which, it seems to us, it is necessary for us to consider, viz: That the verdict is contrary to the law and the evidence and is without credible evidence to support it.

[2] Even if it be conceded that there is a material conflict in the evidence, the overwhelming weight of it is against the verdict of the jury and in favor of the defendant but as we view the evidence the physical facts, which are undisputed, remove all conflict and contradict any and all evidence upon which the verdict could have rested, and leave it without credible support.

[3] A fair statement of the case, treating the evidence as upon a demurrer, is as follows:

Shortly prior to the finding of the indictment the defendant and two of his uncles were in a Ford car which the former was driving along the public road from the town of Clinchfield toward the town of Cleveland in Russell county. The road was about fifteen feet wide, exclusive of the ditches. The defendant was driving at a rate of speed of between twenty to twenty-five miles per hour, and while rounding a gradual curve where the range of vision was from two hundred to three hundred feet ahead, he met a Chevrolet car driven by one F. D. Hagy, with whom was one Thomas Caldwell, going in

the direction of Clinchfield, and a collision resulted. The left front hub cap and fender of defendant's car struck the left rear fender of the Hagy car with the result that the left front wheel of defendant's car was knocked back under the body of the car and the fender was driven through the spokes of the wheel, locking it. At the moment of impact with the Hagy car the defendant's right front wheel came in contact with the bank on his right. The physical evidence of the collision with the bank was testified to by numerous witnesses and the right front hub cap of defendant's machine was knocked off at the point of collision. At the point of collision also the tracks of defendant's car were plainly visible in the ditch on his right hand side of the road. Just immediately opposite these physical evidences of defendant's position in the road at the time of the collision was evidence of skidding to the right of the rear end of the Hagy car, which indicates the exact point of collision. There was no attempt to contradict the testimony as to physical evidences of the location of the cars at the time of the collision.

The testimony of Lloyd Austin, a disinterested witness, is a fair example of all the testimony in the case, with the exception of Hagy and Caldwell. He says he examined the place where the accident occurred shortly after it happened; that he could tell from the signs, the car tracks and the physical evidence there in the road where the accident occurred the relative position of the cars at the time of the accident; that the tracks showed that the Ford car driven by the defendant, Brooks, had gone into the upper or his right hand side of the road some distance fifteen or twenty feet back of the point where the collision occurred; that it showed that Brooks went as far to the right of the road as he could; that the signs and physical evidence showed where the collision

occurred and it showed that at the same time that Brooks' left hand hub cap and fender struck the Hagy car, that his right hand hub cap on the front wheel struck the rocks and was knocked off by the rocks in the bank of the road; that the road at this point is wide enough for cars to pass there; that the track showed the car driven by Hagy at the place where the accident occurred was over near the middle of the road and that it was two or three feet from his right hand wheels to the edge of the rock on his right hand side of the road; that the Hagy car skidded over four or five inches at the place where the cars struck and that the wheels then skidded twelve or fifteen feet up grade and over toward the right hand side of the road; that the car tracks were plain there in the road at the time he was there.

After the collision with the left front wheel driven back under the car and locked, defendant lost control of his car and, as the testimony shows, it cut almost squarely across the road to the left, struck the deceased, Albert Smith, who was on the left hand side (defendant's left) of the road to the rear of the Hagy car, and went over a ten foot bank.   From the injuries received Smith died shortly thereafter.

The only conflict in the evidence is as to the location of the cars on the road at the time of the collision.  Hagy and Caldwell testified that the Hagy car was well over on the right hand side of the road and had almost come to a stop when the collision occurred and that the defendant had about nine feet of roadway between the Hagy car and the bank on his right through which to pass.  They do not attempt to deny the existence of any of the physical facts testified to by all the other witnesses, nine in number, who were examined, and which support the testimony of the defendant and his two uncles as to the location of the car.

Something is made of the dying declaration of the deceased in which he is alleged to have said he saw the car coming and from the speed it was making he thought something was going to happen.    That he threw up his hands and tried to flag the driver but he came right on. The witness, Russell Owens, however, a cousin of defendant and a daughter-in-law of deceased, who was with him from the time of the accident until he became unconscious, gives the full details of this declaration as follows:    "Mr. Smith stated he was going to die and stated that if he had stood on the stone where he was standing that he would not have been hit, but that he was watching the Chevrolet car coming on behind the Hagy car at the time he was struck and that he was running back to a wider place in the road to try to get out of the way of this Chevrolet car when the Ford car struck him; that he never thought about the Ford car hitting him at all."

[4] Some significance was given in the argument to a statement of Hagy that when defendant saw his (witness') car he tried to check his car and it skidded and was wobbling, and that this sustains the charge of negligent driving.    If it be conceded that defendant's car was wobbling it could not have contributed to the collision and subsequent accident resulting in Smith's death, because the collision is shown to have resulted from the relative position of the cars in the road, and the physical facts show that just before the collision and at the time of the collision the right wheels of defendant's car were in the ditch on his right.

The indictment charges that defendant drove his car at a speed in excess of that allowed by law, and operated it on the public road in a grossly careless, reckless and negligent way in so driving and operating it at the excessive rate of speed and feloniously did strike and

kill Albert Smith, etc.   Under the circumstances disclosed by the record it is apparent that there is no evidence which we are required to believe, upon a demurrer to the evidence, to support these charges.

In the face of the uncontradicted physical facts we are not bound to accept as true the statements of Hagy and his companion that the defendant was driving in the middle of the road when he collided with the Hagy car. If he was not doing this he was not driving carelessly or negligently.

[5] In *Norfolk and Western Ry. Co.* v. *Strickler,* 118 Va. 153, 86 S. E. 824, this court said:   "This court has repeatedly declared that courts are not required to believe that which is contrary to human experience and the laws of nature or which they judicially know to be incredible.   Though the case be heard as on a demurrer to the evidence, a court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue and the verdict to be unjust and unsupported in law and fact."

And in *C. & O. Ry. Co.* v. *Anderson,* 93 Va. 665, 25 S. E. 947, it is said:   "The act attributed to Brakeman Callaghan is shown by the evidence to be a physical impossibility.   *   *   *   It was pressed upon us with great earnestness that the case is under the law to be considered as upon a demurrer to evidence; but that rule while it may and often does require us to accept as true that which is capable of proof, though the preponderance of evidence be ever so great against it, cannot compel us to accept as true what in the nature of things could not have occurred in the manner and under the circumstances narrated, and may be said therefore to be incapable of proof."

See also the following cases: *Harvey's Case,* 103 Va.

850, 49 S. E. 487; *N. & W. Ry. Co.* v. *Crowe,* 110 Va. 798, 67 S. E. 518; *Virginian Ry. & Power Co.* v. *Bailey,* 123 Va. 250, 96 S. E. 275.

For the reasons assigned we think the judgment of the trial court is erroneous and should be reversed and remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*