# 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## JOHN T. GRIFFIN TRUCK CORPORATION *v.* WESLEY M. SMITH.

March 22, 1928.

Absent, Burks, J.

1. APPEAL AND ERROR—*New Trial—Judicial Notice—Where the Only Evidence to Support Verdict is Palpably Untrue and Inherently Impossible.*—Appallate courts are not required to believe that which is contrary to human experience and the laws of nature or which they judicially know to be incredible, and though the case may be heard upon a demurrer to the evidence, courts will not stultify themselves by allowing verdicts to stand, although there may be evidence tending to support them, where the physical facts demonstrate such evidence to be untrue.

2. APPEAL AND ERROR—*New Trial—Where the Only Evidence to Support Verdict is Palpably Untrue and Inherently Impossible—Case at Bar.*—The instant case arose out of a collision between an automobile of plaintiff and a mule and cart owned by defendant. There was a verdict and judgment for plaintiff and defendant appealed. It was assigned as error that the court erred in overruling defendant's motion to set aside the verdict because the only evidence upon which the verdict could be supported was "palpably untrue and inherently impossible." But there was a clear conflict in the evidence as to what caused the mule to lunge into the automobile as they were passing. There was nothing in plaintiff's evidence, supporting its theory, which was palpably untrue or inherently impossible. The conflicting theories of the case with the evidence supporting them were submitted to the jury.

   *Held:* That the verdict of the jury for plaintiff resolved the conflict in favor of the plaintiff, and that the judgment of the trial court should be sustained

3. APPEAL AND ERROR—*New Trial—Automobile Accident—Theories as to Distances and Speed—Where the Only Evidence to Support Verdict is Palpably Untrue and Inherently Impossible—Case at Bar.*—The instant case arose out of a collision between an automobile of plaintiff and a mule and cart owned by defendant. There was a verdict and judgment for plaintiff and defendant appealed. It was assigned as error that

the court erred in overruling defendant's motion to set aside the verdict because the only evidence upon which the verdict could be supported was "palpably untrue and inherently impossible." Defendant indulged in theories based upon estimates of distance at which the occupants of the car first saw the mule and cart, and of the speed at which the automobile and mule were going, and by mathematical calculation undertook to show that it was physically impossible for the accident to have occurred where it was shown to have occurred. There was no denial of the fact that the accident happened, and however inaccurate the plaintiff was in his estimate of distance and speed, this did not affect the fact that the collision occurred, nor did it have any important bearing on the manner of its occurrence. Inaccuracies as to distance and speed on the part of the plaintiff and his companion may very well have been considered by the jury in weighing their evidence, but in spite of such alleged inaccuracies the jury found for the plaintiff, and their verdict was amply supported by the evidence which was both credible and not physically impossible.

*Held:* That the judgment could not be disturbed on appeal.

4. JUDICIAL NOTICE—*What a Mule would Do Under Given Circumstances—Case at Bar.*—The instant case arose out of a collision between a mule and cart and an automobile. On appeal from a judgment for plaintiff the Supreme Court of Appeals was asked to take judicial notice of the fact that a mule which had been snowballed a minute or two before the accident would not have been moving along quietly immediately before the accident with the lines lying down in the cart. There was positive testimony that he *was* moving quietly, and the Supreme Court of Appeals declined to take judicial notice of what a mule would do in any given circumstances, preferring to commit itself to the proposition that there is nothing more uncertain than the action of a mule under any circumstances.

Error to a judgment of the Circuit Court of Nansemond county, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. B. Carney* and *Wm. G. Maupin,* for the plaintiff in error.

*Jas. G. Martin* and *R. C. Barclay*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This case arose out of a collision between an automobile owned and driven by Wesley M. Smith, plaintiff below, and a mule and cart owned by the John T. Griffin Truck Corporation (defendant below) driven by George Hinton, a colored man employed by defendant.

The accident occurred on January 27, 1926, on the Western Branch road, in the village of Churchland, in Norfolk county. Just as plaintiff's car and defendant's mule were about to pass each other the mule lunged suddenly to the left into the automobile, the left shaft of the cart passing through the wind shield and seriously injuring the plaintiff.

The plaintiff brought action against the Truck Corporation and recovered a verdict for $5,000.00 upon which the court rendered judgment.

The only assignment of error is that the court erred in overruling the defendant's motion to set aside the verdict and in entering judgment thereon.

The contention is that there is no evidence to support the verdict for the reason that the only evidence upon which the verdict can be supported is "palpably untrue and inherently impossible."

[1] It is urged that this case is controlled by the decisions in *C. & O. Ry. Co.* v. *Anderson*, 93 Va. 650, 25 S. E. 947; *Harvey's Case*, 103 Va. 850, 49 S. E. 481; *Clopton's Case*, 109 Va. 813, 63 S. E. 1022; *N. & W. Ry. Co.* v. *Crowe's Admr.*, 110 Va. 798, 67 S. E. 518; *So. Ry. Co.* v. *Wiley*, 112 Va. 183, 70 S. E. 510; *Mitchell* v. *Southern Ry. Co.* 118 Va. 642, 88 S. E. 56; *N. & W. R. R. Co.* v. *Strickler*, 118 Va. 153, 86 S. E. 824; *Vanden-*

*bergh* v. *Buckingham Apt. Corp.*, 142 Va. 411, 128 S. E. 561; *Brooks* v. *Com.*, 145 Va. 853, 134 S. E. 726, where the general doctrine is laid down that appellate courts are not required to believe that which is contrary to human experience and the laws of nature or which they judicially know to be incredible, and though the case may be heard upon a demurrer to the evidence, courts will not stultify themselves by allowing verdicts to stand, although there may be evidence tending to support them, where the physical facts demonstrate such evidence to be untrue. This principle is sound and has often been applied under proper circumstances by this court, but it has no application to the instant case.

[2] In this case there was a clear conflict in the evidence as to what caused the mule to lunge into the automobile as they were passing. According to the evidence of the plaintiff, he and his companion were driving at about ten miles per hour from Portsmouth through Churchland. They had seen the mule and cart approaching, and before they met, one of the occupants of the car suggested that as there were a number of children following the cart it would be well to slow down, which they did, moving thereafter until the time of the collision as slowly as it was possible to go. They say the driver had laid his lines down in the front of the cart and was looking back at the children; that the mule was walking quietly along; that when they reached a point almost opposite the car the driver turned to the front, seized the lines, and immediately the mule plunged to the left and into the automobile, seriously injuring the plaintiff and damaging the machine, the theory of the plaintiff being that the driver, in suddenly seizing the lines, pulled the left line

and turned the mule suddenly in the direction of the automobile.

On the other hand, the evidence on behalf of the defendant was to the effect that the mule had become frightened further down the road by some snow balls thrown by school children and as it passed the automobile it became frightened again, as other children approached, and plunged into the automobile.

These conflicting theories of the case with the evidence supporting them were submitted to the jury and the jury resolved the conflict in favor of the plaintiff.

There is nothing in the plaintiff's evidence, supporting its theory, which is palpably untrue or inherently impossible.

[3] Defendant indulges in theories based upon estimates of distance at which the occupants first saw the mule and cart, and of the speed at which the automobile was running and the mule walking, and by mathematical calculation undertakes to show that it was physically impossible for the accident to have occurred where it was shown to have occurred.

There is no denial, however, of the fact that the accident happened, and however inaccurate the plaintiff was in his estimate of distance and speed, this does not affect the fact that the collision occurred, nor does it have any important bearing on the manner of its occurrence. As to the latter there was a clear conflict of evidence as heretofore pointed out. The evidence of the plaintiff clearly supporting the charge of negligence on the part of the driver, while that of the defendant supported the theory that the collision was the result of an accident for which the driver of the cart was in no way responsible. Inaccuracy as to distance and speed on the part of the plaintiff and his companion may very well have been considered by the

jury in weighing their evidence, but in spite of such alleged inaccuracies the jury found for the plaintiff, and their verdict is amply supported by evidence which is both credible and not physically impossible.

[4] We are asked to take judicial notice of the alleged fact that a mule which had been snowballed a minute or two before the accident would not have been moving along quietly immediately before the accident with the lines lying down in the cart. There was positive testimony that he *was* moving quietly, and we decline, as an appellate court, to take judicial notice of what a mule would do under any given circumstances. We would prefer to commit ourselves to the proposition that there is nothing more uncertain than the action of a mule under any circumstances.

The trial court in refusing to set the verdict aside was plainly right, and its judgment is affirmed.

*Affirmed.*