# Staunton

## HENDERSON VANCE v. COMMONWEALTH.

September 12, 1930.

Absent, Holt and Epes, JJ.

*B. T. Wilson,* *G. B. Johnson* and *Bird & Lively,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused, Henderson Vance, was indicted for rape by force and violence. He was charged with committing this crime against one Agnes Boyd, who was nearly sixteen years of age at the time. He was tried, convicted by the jury and sentenced to the penitentiary for one year.

For the purposes of a decision of this case it is only necessary to consider one of the assignments of error, which is that the verdict of the jury should be set aside because it is contrary to the law and the evidence and is without credible evidence to support it.

The prosecutrix was visiting her grandfather, Henry Robinson, at the time of the alleged offense and she had been accompanied on this visit by her sister who was eight years old. The grandfather lived in a small two-room house, the rooms being separated by a thin partition. He occupied one room and the prosecutrix and her sister the other. The offense was supposed to have been committed between nine and ten o'clock on the night of March 31, 1929, in the room occupied by the prosecutrix and her sister.

The only evidence in the record tending to support the charge is the uncorroborated testimony of the prosecutrix.

She testified that she and her sister had gone to their room to retire, but had not retired; that she went over to close the door and saw the accused and her cousin, Luther Casey, standing at the door; that she told the accused not to come in, but he ignored her request and he and Casey came into the room; that the accused began to curse, took hold of her, put his hand over her mouth, threw her down on the bed and by force and against her consent had intercourse with her; that she resisted all she could, but the accused overpowered her and accomplished his purpose "in spite of all she could do;" that she could not "holler" to her grandfather who was close by in the adjoining room because the accused "held his hand over her mouth;" that Luther Casey, her cousin and her eight year old sister were in the room at the time but neither offered or attempted to protect her; that the accused and Casey left the room together on friendly terms; that she remained at her grandfather's home for two days after the offense was committed, but did not tell him about it, and that she then returned to her father's home and remained there for six days before she told him that she had been violated by the accused.

These unusual facts which she detailed are very significant: Casey, the cousin of the prosecutrix, a full grown man, was in the room, and witnessed the perpetration of the crime of rape upon his cousin, the prosecutrix, and yet failed to protect or assist her in her distress, but on the other hand left the room immediately after the offense had been committed, with the accused on friendly terms. He did not report the occurrence to any one. Surely, ordinary human conduct would have prompted him to have protected his cousin from the man who would outrage her, or if this was impossible, he would certainly have reported the matter to the officers of the law or others, immediately.

The eight-year old sister was in the room at the time and when she saw her sister being assaulted and otherwise mis-

treated, she could easily have called to her grandfather for help, or she could have gone to his room and appealed to him, for she was not under the control of the accused.

It seems rather improbable that the grandfather, in an adjoining room, separated by a thin partition and only a few feet away, did not hear the loud talk, cursing, scuffling and other noises incident to such an affair.

It is unnatural and difficult to believe that an innocent helpless girl, immediately after the crime of rape had been committed against her, in an adjoining room to the one occupied by her grandfather, would make no appeal to him to shield her, or report to him the crime which had been perpetrated against her. It is also unnatural and difficult to believe that the prosecutrix, for more than a week, surrounded by her parents and other members of the family, would during all that time remain silent. She was not under the control or dominion of the accused, and every moment of the time she had an opportunity to report the offense.

There were no marks of violence upon the prosecutrix' body, though she says that she struggled and fought with all her might. It is improbable that the rape, accompanied by such force and violence as detailed by her, could have been accomplished without leaving upon her body some scratch, bruise or abrasion.

■ When the trial was had, Casey, the sister and the grandfather were available as witnesses but were not called to testify. Casey had been summoned by the Commonwealth and was, in fact, an eye witness to whatever may have taken place. He was in court on the very day of trial conferring with the attorney for the Commonwealth, and remained in court during the entire trial, and yet he was not called upon to testify. No explanation is offered to clear up this unusual situation. When it appeared that neither party would call him as a witness, he should have been called by the court as a witness.

No explanation is given as to why the eight-year old sister, another eye witness, and the grandfather, who must have heard the noise of the scuffle, were not called upon to testify.

The story of the prosecutrix was so improbable and unreasonable that the jury evidently did not accept it as true, for if the jurors had believed her statement it is inconceivable how they could have given the accused so light a punishment for the commission of such a dastardly crime, which might have been punishable by death.

A circumstance which might afford a reason for the improbable story of the prosecuting witness is that she and the accused were not friends. On a former occasion she had testified against him both before a grand jury and a petit jury, but upon his trial at that time he was acquitted.

██ This court is not required to believe the statement of the prosecutrix. It is very improbable that any offense was committed against her. We are not required to believe that which is contrary to human experience and which we know to be incredible. We are not compelled to accept as true what in the nature of things could not have occurred in the manner and under the circumstances narrated. *Harvey* v. *Commonwealth*, 103 Va. 850, 49 S. E. 481; *Brooks* v. *Commonwealth*, 145 Va. 853, 134 S. E. 726; *N. & W. Ry.* v. *Strickler*, 118 Va. 153, 86 S. E. 824; *C. & O. Ry. Co.* v. *Anderson*, 93 Va. 650, 25 S. E. 947.

Viewing this case in the most favorable light, from the standpoint of the Commonwealth, the evidence is insufficient to sustain the verdict and upon that ground the judgment must be reversed, the verdict set aside, and the case remanded to the trial court, to be there further proceeded in if the Commonwealth is so advised.

*Reversed.*