# Richmond

## Leon Grinnelle v. Commonwealth.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*W. M. Minter* and *Gilbert L. Diggs*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

Epes, J., delivered the opinion of the court.

Leon Grinnelle was tried and convicted in the Circuit

Court of Mathews county of raping Miss P. and sentenced to serve fourteen years in the penitentiary.

There are three assignments of error; but in the view we take of the case the only assignment of error that need be considered is that the court erred in refusing to set aside the verdict of the jury because the evidence was insufficient to support the verdict.

The evidence presents the story of a young man of a type that is a menace to any community, and of a girl of seventeen years, who, on the night here in question, as a result of an assault upon her by this man or in response to her passion, has had sexual intercourse with a man for the first time.

The conviction rests solely upon the testimony of the prosecutrix, which is wholly uncorroborated in its essential particulars, is highly improbable in its most important points, and is contradicted in many points by seemingly disinterested witnesses whose veracity is not in any way attacked or impeached, except by the fact that her testimony conflicts with theirs. The intercourse was had on the seat of a Dodge coupe. There were no marks of violence upon her body and her clothing was not disheveled. According to her own testimony she was wearing bloomers with rubber bands around the openings at the waist and the legs, and no other opening in them, which the accused pulled down around her knees and with them there accomplished his purpose. These bloomers had no injury to them, except at the rear of the waistband there was a place where the stitching was torn and there was a slight stain on them. The rubber band at the waist was not, however, entirely broken.

It is, perhaps, possible that her story that the accused had intercourse with her by force against her will may be true; but her testimony is so highly improbable in so many particulars, that without corroboration, we think, it is

insufficient to warrant belief beyond a reasonable doubt that the prosecutrix did not, in response to the persuasion and solicitation of the accused and her own passion, consent to the accused having sexual intercourse with her on this occasion. *Boxley* v. *Com.*, 24 Gratt. (65 Va.) 649; *Harvey* v. *Com.*, 103 Va. 850, 49 S. E. 481; *Vance* v. *Com.*, 155 Va. 1028, 154 S. E. 512.

As morally reprehensible as the conduct of the accused is shown by the evidence to have been, he may not be convicted of rape unless the evidence be sufficient to prove beyond a reasonable doubt that he had intercourse with the prosecutrix by force and violence against her will.

The judgment of the court will be reversed; and as the case of the Commonwealth seems to have been fully developed in the record here before us, it will be remanded with direction to the trial court to dismiss the accused from further prosecution under this indictment.

*Reversed.*