# Staunton

## CLARENCE ADDINGTON v. COMMONWEALTH.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*S. W. Coleman* and *S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Clarence Addington has been indicted and convicted of rape and his punishment fixed at five years in the penitentiary. The prosecutrix, Niles McConnell, was more than fifteen but less than sixteen years of age at the time.

There are several assignments of error. Counsel for the accused earnestly contends that the court should have set the verdict aside because it was not sufficiently supported by credible evidence. Only two witnesses, the prosecutrix and her father, testified on behalf of the Commonwealth at the trial, and if the verdict is to be sustained at all it necessarily must be by their testimony.

The prosecutrix testified that for two years prior to the time of the offense here involved, she had been living with her aunt, Callie Hillman, whose home was in plain view

of the home of the father of the accused, where he resided. She had known him for several years. The aunt, Callie Hillman, left her home for a few days and arranged for the prosecutrix to stay in the home of the father of the accused, but before leaving she instructed the prosecutrix to return to her home each afternoon to feed the chickens and stock. When the prosecutrix went over to the home of the aunt on Friday afternoon to feed the chickens she testified that the accused came there and by the use of force and against her will compelled her to have intercourse with him. She made no outcry, but returned to the home of the father of the accused and ate supper at the family table with the accused and continued to stay there. The next afternoon she again went to the home of her aunt to feed the chickens, and the accused came and again forced her to have intercourse with him, and again on the next afternoon the same thing occurred at the same place. She remained in the home of the father of the accused for several days, but made no complaint to any one that she had been outraged. When the aunt returned and the prosecutrix returned to her home she still made no complaint. She made her first complaint after it was discovered that she was pregnant some five months afterwards. She at first accused Bill Smith and told her father that he had outraged her, whereupon the father procured a warrant for Smith, but later she told her father that the accused was responsible for her condition. The warrant against Smith was dismissed and one against the accused was issued.

The father of the prosecutrix testified as to her age and other matters which are not material here. He knew nothing about the offense that was committed against his daughter except the information conveyed to him by her five months afterwards.

The only evidence which in any way corroborates the testimony of the prosecutrix that she had had intercourse with any one was her pregnancy. No one corroborates her in her accusation against the accused. He,

on the other hand, stoutly denies that anything of the kind occurred. We, therefore, have the uncorroborated testimony of the prosecutrix upon which the verdict must be supported. If her testimony is credible, it is sufficient, for a conviction of rape may be sustained upon the uncorroborated testimony of the prosecutrix if the guilt of the accused is believed by the jury beyond a reasonable doubt. *Stump* v. *Commonwealth,* 137 Va. 804, 119 S. E. 72. But to sustain a conviction of rape upon the uncorroborated testimony of the prosecutrix, her testimony must not be inherently incredible. *Vance* v. *Commonwealth,* 155 Va. 1028, 154 S. E. 512, 513; *Grinnelle* v. *Commonwealth,* 157 Va. 915, 161 S. E. 888.

To sustain a conviction of rape where the victim is under the age of sixteen years it is not necessary to establish that it was accomplished by actual force. It is rape to carnally know a female child under the age of sixteen whether it be with or without her consent and whether it be with or without actual force, because under that age she cannot legally consent and constructive force is present. *Buzzard* v. *Commonwealth,* 134 Va. 641, 114 S. E. 664.

The testimony of the prosecutrix is inherently incredible. If she had been ravished by the accused on Friday afternoon it is inconceivable that she would have returned to his home, eaten her supper at the same table with him, and failed to show any resentment or to tell the members of his family of the dastardly act. Again, if she had been ravished by the accused on Friday at the home of her aunt, it is difficult to understand just why she would go back to the same place and at the same time suffer the same fate again on Saturday and again on Sunday and during the entire time remain at the home of the accused as a member of his family and fail to tell any one of the offenses that had been committed against her. She had an opportunity to make an outcry or to report the affair. She was not laboring under any fright or fear of bodily harm. She gave no details of the force used upon her by the accused to which she succumbed. She testified as to

no marks upon her body and she told of no tear in her clothes which in all probability would have occurred had she been forced to yield by the accused. She at first blamed Bill Smith for her condition and had her father swear out a warrant for him charging him with rape. Later she changed her story and caused the arrest of the accused. She waited five months before she told any one.

It is quite true that the presence of force is not necessary to constitute rape upon a female child under sixteen years of age if an accused has actually had intercourse with her and if the prosecutrix in this case had testified that she had had intercourse with the accused it would have been sufficient to sustain a verdict of guilt, but she went further in her testimony and stated that it was accomplished by force. According to her testimony, in all human probability, she did not have intercourse with the accused unless it was had through force, and under the particular facts in this case it is unreasonable and incredible that it took place by or through force.

In *Vance* v. *Commonwealth, supra,* it was said: "This court is not required to believe the statement of the prosecutrix. It is very improbable that any offense was committed against her. We are not required to believe that which is contrary to human experience and which we know to be incredible. We are not compelled to accept as true what in the nature of things could not have occurred in the manner and under the circumstances narrated. *Harvey* v. *Com.,* 103 Va. 850, 49 S. E. 481; *Brooks* v. *Com.,* 145 Va. 853, 134 S. E. 726; *N. & W. Ry.* v. *Strickler,* 118 Va. 153, 86 S. E. 824; *C. & O. Ry. Co.* v. *Anderson,* 93 Va. 650, 25 S. E. 947."

The verdict of the jury is set aside, the judgment reversed, and the case is remanded to the trial court, with direction to dismiss the accused from further prosecution under the indictment.

*Reversed.*