# 𝕾taunton

## Richard Salyer v. Commonwealth of Virginia.

September 20, 1934.

Present, All the Justices.

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Richard Salyer, who was about eighteen years of age, was convicted of rape and his punishment fixed at five years in the penitentiary. The indictment charged the accused with statutory rape. The prosecutrix, Doris Kilgore, as charged in the indictment was fourteen years of age at the time of the alleged crime.

There are only two assignments of error. The second assignment deals with the question of after-dis-

covered evidence. Three affidavits were made; one by Mitchell Kilgore, the father; another by Peggy Kilgore, the mother of the prosecutrix, and the last by the prosecutrix. These affidavits were made by these parties after the trial of the case. They added nothing to the evidence, but merely requested the court and the Commonwealth's attorney to dismiss the prosecution. It is admitted by the accused that these three affidavits have no bearing on the case as after-discovered evidence. This assignment therefore need not be further considered.

The second assignment of error charges that the verdict is contrary to the law and evidence and that the evidence is not sufficient to support the verdict of the jury.

This brings us to a consideration of the evidence upon which the verdict was founded. According to the testimony of the prosecutrix, she went to the home of Worley Salyer, the father of the accused, who lived across the ridge a distance of a quarter to a half mile from her home, and borrowed some meal which she carried in a bucket. On her return and within about two hundred yards of her home she was attacked by the accused who grabbed her, told her not to holler and took her down below the road in a "sink place in a hollow," overpowered her, and had intercourse with her against her will. This occurred in April, 1932, according to her testimony. She became pregnant and gave birth to a child (which was born dead) on January 19, 1933. The prosecutrix had not seen the accused on the day of the alleged rape prior thereto. She could fix neither the day of the week, nor the time of the day of the occurrence with any degree of accuracy except that she thought it was some time in the afternoon. No alarm was sounded nor outcry made by her, and the first time that she told of the alleged offense was in December, 1932, after an examination had been made of her by a physician at the instance of her mother who had suspected something was wrong with her. The prosecutrix testified that the accused had never had intercourse with her before, and that she became pregnant from this sole act. The meal which she carried in the bucket

was intact when she reached home. She did not remember whether she dropped the bucket of meal where she was attacked or whether she had set it down. She says that she did not tell what had happened because she was afraid that her parents would not believe her and that they would whip her.

The accused denies the charge against him and testifies that on the day the prosecutrix came to his home for meal, he was at home at the bedside of his sick mother the entire day, and that he did not see the prosecutrix that day at all. In this contention the testimony of the accused is supported by that of other members of his family.

The evidence tends to show that the visits of the accused to the home of the prosecutrix were less frequent from and after the time of the alleged offense, though it does not appear that the accused made any of these visits purposely to see this girl. It is also shown that the accused was married in May of the year 1932, which was a very short time after the alleged crime was committed.

It was testified by the brother of the prosecutrix, who was about twelve years of age, that the accused about two years prior thereto, had tried to get him to have his sister come out with the accused for immoral purposes, but that this message was not communicated to his sister or to any one until the time of this trial.

Great reliance is placed upon the case of *Vance* v. *Commonwealth,* 155 Va. 1031, 154 S. E. 512, but in addition to the wide difference in the facts in the *Vance Case* from the case at bar, in the former case were these additional circumstances: The prosecutrix testified that her cousin, a grown man and her sister, an eight years old child were present in the room while the rape was being committed and neither of them came to her rescue or sounded an alarm though the grandfather of the prosecutrix was at the time in an adjoining room. Neither of them testified in the case though both of them were in court on the day of trial. In that case the prosecutrix was not made pregnant by the intercourse she claimed was accomplished by force and violence.

In the present case there were no witnesses to the crime other than the prosecutrix and her assailant, but the fact that she was raped by some one was conclusively established from the fact that she gave birth to a child. She being under sixteen years of age any intercourse with her, by or without her consent, would be rape. The only question that was doubtful was the identity of the man who had intercourse with her. The evidence touching his identity was conflicting but the prosecutrix stated positively that the accused had intercourse with her, and that he was responsible for her pregnancy. He denied that he was guilty and offered proof of an alibi but the jury rejected his testimony and accepted that of the prosecutrix. This, of course, they had the right to do.

The case is also distinguishable from the case of *Addington* v. *Commonwealth*, 161 Va. 975, 170 S. E. 565. There it was held that in order to convict of rape upon the uncorroborated testimony of the prosecutrix her testimony must not be inherently incredible. In that case the prosecutrix testified that she had been ravished by force three different times by the same offender at the same place and at the same time of day; that she lived in the same house and ate at the same table with the man who committed the rape upon her and that she never told any of the other members of the family. No bruises upon her body nor torn clothing were disclosed and she failed to tell just what force was used. When the prosecution was started she first swore that one Bill Smith was the guilty man and she went before an officer and had a warrant sworn out for him. Later she claimed that the accused was the guilty man. Under these circumstances and the direct contradiction of her testimony identifying the accused by her former conduct in charging Bill Smith with the crime this court refused to affirm the judgment of the trial court whereby the accused had been sentenced to the penitentiary. Such testimony as that offered to identify her assailant was unworthy of belief and insufficient to warrant the court in depriving the accused of his liberty.

In the present case there is nothing incredible about the testimony of the prosecutrix touching the identity of the accused. She was positive in her identification and even though the accused denied the charge the jury could have reasonably accepted her statement.

██ The failure of the prosecutrix to make an outcry or to notify any one of the offense is relied upon, largely as showing the incredibility of her testimony. This would be a very significant circumstance tending to support that contention if it were incumbent upon the Commonwealth to make out a case of rape by actual force and violence. But as we have already stated if any one had intercourse with the prosecutrix, she being fourteen years of age, it would be rape under our statute (Acts 1924, chapter 443), regardless of whether it was by her consent or by actual force and against her will. Where the girl is under sixteen years of age, and consents to the intercourse, constructive force is present. It is supplied by the law and it is not necessary for the Commonwealth to prove actual force. The accused having been indicted for statutory rape and the testimony having conclusively shown that the prosecutrix was fourteen years of age and that intercourse had been had with her, she having given birth to a child, the fact that she failed to make any outcry is not sufficient to warrant the court in holding that her testimony was so incredible that it could not be believed.

The judgment is affirmed.

*Affirmed.*