# Richmond

STANLEY F. KING v. COMMONWEALTH OF VIRGINIA.

January, 16, 1936.

Present, All the Justices.

The opinion states the case.

*Ivor A. Page, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

CHINN, J., delivered the opinion of the court.

Plaintiff in error was indicted and tried for rape committed upon Mable Turner, a female between the ages of fourteen and sixteen years.

The indictment contains two counts. The first count charges rape under the statute, without force. The second count charges rape by force. The accused was found guilty by the jury under the first count of the indictment, and, in accordance with the verdict, was sentenced by the court to confinement in the penitentiary for five years.

The prosecutrix testified that she was a student in Blair Junior High School in the city of Norfolk, Virginia; that she saw the accused for the first time on Sunday, March 4, 1934, at Hampton Boulevard and Fortieth street, in said city; that about 10 minutes after 3 o'clock on that afternoon she and her friend, Florence Justice, were walking down Hampton Boulevard towards town, when the accused passed them in an automobile travelling away from town towards the Naval Base, at which time the accused waved, smiled and blew his horn; that they then proceeded down Hampton Boulevard to 38th street. After they had turned into 38th street the accused drove up behind them and asked them if they were going home. They replied that they were not, whereupon the accused offered to take them for a ride. They got into the car and rode around the Naval Base, Ocean View, and Cape Henry. Upon returning they stopped at the home of Florence Justice in the 1300 block of 48th street and let her out. When she got out Florence asked the accused what time it was, and he told her it was 5:30 o'clock. The accused then turned the car at the corner, came back to Hampton Boulevard, and instead of turning back in the direction of the home of the prosecutrix drove towards the Naval Base. Prosecutrix told him that this was not the way to her home, and asked him why he was going that way. He replied that he was just going to take her for a little ride. He said he could get her home in five minutes. The prosecutrix told him to hurry up, she had to be home by 6 o'clock. He took her down where the golf links were on Hampton Boulevard, and then took her into a side road and raped her by force. She denied that she ever gave her consent, but insisted that the rape was accomplished by force. Prosecutrix further testified that when she went home, her mother, two little brothers and her sisters were there. One of her sisters is a married woman. She asked her mother if she was going to church. She replied she was not. Prosecutrix then went into the dining room where the clock was, and as-

certained it was 6:20 P. M. She then went upstairs to the bathroom.

This was on the 4th day of March, 1934. She made no complaint that she had been assaulted until March 13, 1934. There was no evidence, other than the statement of the prosecutrix, that the accused ever had sexual intercourse with her, nor was there any evidence that a medical examination was made.

In testifying in his own behalf, accused admitted that he gave the two girls a ride, but denied that he took the prosecutrix down near the golf links where she claims the assault occurred, and testified that he let Florence Justice out of his car at her home on 48th street sometime after 5 o'clock that afternoon, and then let the prosecutrix out on Hampton Boulevard between 38th and 39th streets, near her home, a few minutes afterwards. The accused positively denied that he ever assaulted, or had sexual intercourse with the prosecutrix. The evidence further shows that the accused is about thirty years of age, and had been married and divorced.

There are seven assignments of error.

It is first contended that as one count in the indictment charges rape upon a female under the age of sixteen years, without force, and the other count charges rape by force, the court erred in not requiring the Commonwealth, on the motion of the accused, to elect on which count it would try King. There is no merit in this assignment. Only one crime is charged in the indictment —the carnal knowledge of Mable Turner—and it is a well-established rule of law that an indictment may contain any number of counts charging the commission of a single offense, stated in different ways so as to meet the varying phases of proof that might be offered.

Carnal knowledge of a female between the ages of fourteen and sixteen years, though accomplished without force and with the consent of the female, under the statute (Code 1919, section 4414, as amended by Acts 1924, chapter 443) constitutes rape, and is punishable by confine-

ment in the penitentiary for not less than one nor more than twenty years. If the act is perpetrated by force, regardless of the age of the female, it is punishable by death or confinement in the penitentiary for life, or for any time not less than five years. The indictment is, therefore, so drawn as to leave it to the jury to find whether the alleged rape, if any was committed, was accomplished with consent or by force, and to fix the punishment accordingly.

The second assignment of error is directed to the refusal of the court to strike out the evidence as to the first count of the indictment. The third assignment relates to the refusal of the court to strike all the evidence. The seventh assignment goes to the refusal of the court to set aside the verdict and grant a new trial on the ground that the same is contrary to the law and evidence. In the last analysis, all of these assignments present the single question of whether the verdict found by the jury is justified by the evidence.

It is testified by the prosecutrix that the accused drove his car to a secluded place in the woods near the golf links and first attempted to take liberties with her, which she resisted; that he then put one of his hands around her neck and forced her in the corner of the car and crawled over her; that he told her to take off her pants, but she refused, and screamed so loud that anyone in the immediate vicinity could have heard; that the accused then snatched off her pants with one hand, and had intercourse with her; that on her way home she passed several gasoline filling stations and met several automobiles, but made no attempt to appeal to anyone for help, nor did she make any complaint to her mother or married sister, or tell anyone about the assault until nine days afterwards.

It is argued that this evidence of the prosecutrix is too incredible and improbable to be worthy of belief, and that being the case the evidence is not sufficient to support a conviction. *Vance* v. *Commonwealth,* 155 Va. 1028,

154 S. E. 512, and *Addington* v. *Commonwealth,* 161 Va. 975, 170 S. E. 565, are cited in support of this contention.

It is true that in each of these cases it was held that the evidence of the prosecutrix upon which the conviction rested was too incredible to sustain a conviction, but the evidence in these cases and the case at bar present an entirely different state of facts.

In *Vance* v. *Commonwealth,* the testimony of the prosecutrix was to the effect that the accused had intercourse with her in the presence of another man, in a room in which her sister was sleeping; this room adjoined the room of her grandfather, from which it was separated by a thin partition. She made no outcry, and made no complaint until some days afterwards. Her evidence was held to be improbable.

In *Addington* v. *Commonwealth,* the evidence of the prosecutrix was held to be incredible because the prosecutrix claimed that the accused had had intercourse with her upon several occasions; that she first accused another man for whose arrest her father obtained a warrant, but later told her father that the other man was innocent and the accused was responsible. She claimed to have been assaulted in her home on several occasions, and that the accused had used force against her and completed the intercourse. She made no outcry, but returned to the home of the father of the accused and ate supper at the family table with the accused and continued to stay there. The next afternoon she went to her aunt's home, and the same occurrence took place. She remained at the home of the father of the accused for several days, and when her aunt returned to her home, at which the prosecutrix had been living, she made no complaint, and did not make a complaint until it was discovered that she was pregnant some five months afterwards.

In the case at bar we find no ground upon which to denounce the testimony of the prosecutrix as improbable. There is no question that these young girls were picked up about 3 o'clock in the afternoon by the accused,

who gave them a fictitious name under which he was subsequently arrested, and that he drove them around for several hours and let Florence Justice out at her home at about 5:30 o'clock. While he said he let the prosecutrix out in close proximity to her home a few minutes afterwards, she testified that it was actually 6:20 o'clock when she entered her mother's house, giving the accused plenty of time to drive to the place she describes and accomplish his purpose before he let the prosecutrix out of the car to go home. In addition to her testimony as to the actual offense, a police officer testified that when he went to arrest the accused upon the warrant sworn out for Paul Anderson, the name the accused had assumed when driving with the girls, he attempted to escape. The evidence of her teacher and of her pastor is that her character and reputation for truth and honesty was of the best. As said, there is nothing incredible about the testimony of the prosecutrix, and considering the same in connection with all the other facts and circumstances, we think the trial court was right in refusing to strike the evidence and to set aside the verdict of the jury on that ground.

It is further contended that the accused cannot be convicted under the first count of the indictment because the evidence of the prosecutrix is to the effect that the assault committed upon her was without her consent. While it is true that the prosecutrix denied that she ever consented to the act of sexual intercourse, it is evident that the jury had a reasonable doubt as to whether force was used by the accused, since they found him guilty under the first count of the indictment charging him with rape without force. It may be that the jury considered that the degree of force used by the accused and the degree of her resistance, as testified by the prosecutrix, was exaggerated. It may be that the jury had some doubt as to any force being used, or that they wholly disbelieved that part of the story detailed by the prosecutrix. It is equally evident, however, that the jury believed beyond a reasonable

doubt that the accused had actual sexual intercourse with the prosecutrix on the occasion in question.

At the time the assault took place the prosecutrix was only fourteen years of age, and stood well in her school and her church. It seems quite natural that, under these circumstances, she should have wished to protect her good name and reputation by denying that she ever consented to the act of intercourse the accused had with her. At any rate, the jury had the witnesses before them, and an opportunity to observe their conduct on the stand and their manner of testifying, and though the testimony as to the act of intercourse is uncorroborated, we think the facts and circumstances connected with her testimony are fully sufficient to justify the jury in believing such intercourse actually took place, even though they entertained a reasonable doubt (of which they gave the accused the benefit) that force was used by him in accomplishing said act of intercourse.

In the case of *Locke and Lewis* v. *Commonwealth,* 149 Va. 447, 141 S. E. 118, 120, two boys were charged with rape upon a girl just fifteen years of age, the boys being some sixteen or eighteen years of age. They had taken the prosecutrix and a girl friend for a ride, had put the girl friend out, had fooled the prosecutrix into going into an unoccupied house under the pretense of seeing the sister of one of the boys, who said she was there, and after doping the girl with whisky had undertaken to assault her. In that case the prosecutrix made no outcry, the examination of her person disclosed no physical injury, and she made no complaint until questioned by a police officer, at first denying that any assault had been made upon her. Each of the two defendants denied absolutely the testimony of the prosecutrix, but nothwithstanding their denial, that the prosecutrix made no outcry and no voluntary complaint, and that there were no marks upon her, they were convicted of an attempt to commit rape, and their conviction was upheld by this court.

The late Chief Justice Prentis, in delivering the opinion of the court, stated that while some of the evidence of the prosecutrix tended to show acquiescence or consent on her part, such a question was for the jury and in discussing the lack of complaint on the part of the prosecutrix, stated that there was a strong presumption arising out of her conduct to support the conclusion that she would never have made any complaint, if she had not herself been overtaken by the officers and questioned, and that it must be borne in mind that she was a child just above the age of fifteen years. "These statutes relating to such crimes committed against young girls are for their protection and in the promotion of good morals; so that, whether she had made complaint or not, the public policy which led to the enactment of the statute which denounces such crimes against young girls, should be upheld."

In the *Mings Case (Mings* v. *Commonwealth),* 85 Va. 638, 8 S. E. 474, where the indictment charged rape, and the prosecutrix testified that there had been actual penetration, there were no marks upon the prosecutrix, and her mother testified that she examined her after the alleged crime had been committed, and that she never had any connection with any man, but the jury in spite of the evidence of the prosecutrix that there had been actual penetration, found the accused guilty of an attempt to commit rape, and the conviction was sustained by this court.

In *Addington* v. *Commonwealth, supra,* 161 Va. 975, 170 S. E. 565, 566, Mr. Justice Gregory said: "If her testimony is credible, it is sufficient, for a conviction of rape may be sustained upon the uncorroborated testimony of the prosecutrix if the guilt of the accused is believed by the jury beyond a reasonable doubt. *Stump* v. *Commonwealth,* 137 Va. 804, 119 S. E. 72."

The fourth assignment of error relates to the granting of instruction "C" over the objection of the accused. This instruction reads as follows:

"The court instructs the jury that should you believe

from the evidence, beyond a reasonable doubt, that the accused Stanley King, had carnal knowledge of Mable Turner while she was under the age of sixteen, even though you may have a reasonable doubt as to whether or not force was used, you should find him guilty of rape as charged in the first count of the indictment and fix his punishment at confinement in the penitentiary for any term not more than twenty years and not less than one year."

It is contended that there was no evidence on which to base this instruction because, while the prosecutrix was under the age of sixteen, she positively denied that she had at any time consented, but on the contrary the accused used force against her. This objection has been sufficiently disposed of under what has been said as to the assignments already discussed.

Assignments of error Nos. 5 and 6 are based upon the refusal of the court to give instructions D-3 and D-5 as offered by the accused. These instructions were refused by the court for the reason that the court had granted other instructions which fully advised the jury on the subjects embraced therein. Upon reading the instructions given, we find that those refused were mere repetitions of the principles of law contained in the nine other instructions given by the court for the accused.

Upon consideration of the whole record we find no prejudicial error, and are of the opinion that the judgment of the trial court must be affirmed.

*Affirmed.*