Richmond

# DERRICK L. JONES

v.

# COMMONWEALTH OF VIRGINIA

March 2, 1979.

Record No. 771872.

Present: All the Justices.

*Sidney Sacks (Lewis, Sacks and DeLaura*, on brief), for appellant.

*Todd E. LePage, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Convicted in a bench trial of rape and sodomy, Derrick L. Jones appeals from the September 1977 judgment of conviction sentencing him to confinement in the penitentiary on the former charge for twelve years, six suspended, and on the latter offense for six years, to run concurrently. The sole issue is whether the Commonwealth's evidence was sufficient to convict. The defendant presented no testimony.

On Saturday, February 26, 1977, the prosecutrix, 19 years of age, went to the 1400 Club, located in the Lambert's Point area of Norfolk. She arrived there about 11:30 p.m. in a car with the defendant's brother and the brother's "girlfriend." After having been there for over two hours, during which she danced and drank beer, the victim met defendant, whom she had not known before. The victim danced with the defendant, age 22, for awhile and about 3:30 a.m. he offered to drive her to her home. The prosecutrix consented and the two left the club in the company of a male friend of the defendant whom the victim did not know. She testified that at the time she was "feeling nice" from consumption of the beer.

The trio then entered the front seat of an automobile. The friend drove away with the victim sitting between the men. After moving a short distance from the club, the car was stopped and the men got out of the vehicle and had a discussion. The victim testified that she then "got scared" and asked the men to take her home. Upon

reentry, the defendant began driving and when the car had travelled about six more "blocks", the vehicle was again stopped on a dirt road in an "open field".

The victim then jumped from the car and ran. Defendant gave chase and caught her saying: "Come on back, girl. Ain't nobody going to do nothing to you." The victim testified that when defendant "got me back to the car", he said: "Girly , going to give me some of this pussy whether you like it or not." The defendant then told her to disrobe, which she did while sitting in the front seat of the vehicle. Thereafter, defendant ordered her to move to the back seat of the car. She then stepped outside the vehicle and entered the rear. The victim testified that defendant next told her to "suck his penis" and she "asked him not to make [her] do that." She said defendant next "grabbed" her "by the neck" and said: "Girl, put your damn head down here." She complied with both orders. Thereafter, first the defendant and then his companion had intercourse with the victim in the back seat of the automobile. When asked if she did "anything" to prevent defendant "from doing these things" to her, the victim testified she was "too scared to do anything" because she was "in there by [her]self."

She stated that neither man showed her a gun or a knife and that she was not struck by either nor was she bruised. She testified that neither was "laughing" or "smiling" and that each acted "serious, very serious."

After the crimes had been committed and while the car was being driven "down the street," the victim "found a chance" and, clad only in a jacket and underpants, jumped from the automobile. A passing motorist picked her up, took her to the victim's home, and then carried the victim and her mother to the police station, arriving there about 5:00 a.m. According to a detective, who reached the station about 20 minutes later, the victim was "quite shaken up", was "right hard to talk to" and was doing "quite a bit of crying."

Relying on the general rule that force, actual or constructive, is an essential element of the crimes of non-statutory rape and sodomy by force, defendant argues that he was improperly convicted because, he says, "there was not a scintilla of evidence of any violence inflicted" upon the prosecutrix nor was there evidence of any threat of violence sufficient to overcome her will to resist. He urges that the statement: "Girly, going to give me some . . ." is the only utterance made by defendant which "could event be construed as a threat."

Arguing the absence of force, defendant says that the victim disrobed without protest. He notes that "she got completely out of the car" while nude and entered the rear seat, implying, we assume, that she could have escaped while outside the vehicle. He points out that no weapon was exhibited to the victim, that she was not struck, that she did not scream, and that she did not fight her assailants. Thus, he argues, the convictions were without credible evidence to support them. We do not agree.

To determine whether the element of force has been proved in the crimes of non-statutory rape and sodomy by force, the inquiry is whether the act or acts were effected with or without the victim's consent. *See Mings v. Commonwealth*, 85 Va. 638, 640, 8 S.E. 474, 475 (1889). The issue is: Was the victim willing or unwilling? In that connection, there must be evidence of "some array or show of force in form sufficient to overcome resistance, but the woman is not required to resist to the utmost of her physical strength, if she reasonably believes resistance would be useless and result in serious bodily injury to her." *Davis v. Commonwealth*, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947). And the amount of resistance which may be required necessarily depends on the circumstances of each case, taking into consideration the relative physical condition of the participants and the degree of force manifested. *Bradley v. Commonwealth*, 196 Va. 1126, 1135, 86 S.E.2d 828, 833 (1955). Indeed, this court has said that "no positive resistance" by the victim need be demonstrated if it appears that the crime was effected without her consent. *Mings v. Commonwealth*, 85 Va. at 640, 8 S.E. at 475, *quoted in Davis v. Commonwealth*, 186 Va. at 946, 45 S.E.2d at 172.

In this case, we believe the evidence amply supports the conclusion of fact that these crimes were committed against the victim's will, without her consent and thus by force. The victim was in the company of two men whom she had met for the first time that evening. On a winter night, she was driven to a remote area, tried to escape, was caught and was thrust back to the car. She was then told to submit, "whether you like it or not." While the record does not reveal the relative sizes of the parties involved, we do know that the victim was frightened during the period beginning with the first time the vehicle was stopped and ending when she finally escaped following the attacks.

After obeying the command to disrobe, she stepped out of the car to comply with the order to proceed to the back seat. Contrary to defendant's suggestion, we do not think the victim should be

faulted for not attempting to escape then. The odds on winning a footrace in that remote area when she was shoeless were slim considering she had just lost such an event when she was fully clothed and shod.

Then, once in the back seat, she was "grabbed" by the neck, cursed and forced to commit fellatio in spite of a plea to defendant "not to make [her] do that." Next she submitted in the back seat to the act of intercourse with the defendant while his companion was nearby in the front seat, obviously ready to help defendant restrain and do bodily harm to the victim if she resisted to any greater degree.

Considering all of these circumstances along with the manner of the victim's eventual escape by jumping almost nude and bare-footed from a moving car, which was followed by a prompt report of the crimes to the police, we are of opinion that the evidence is manifestly sufficient to support these convictions.

The defendant cites a number of rape cases in which this court has found the evidence inadequate to sustain the finding of guilt, all of which are distinguishable on their facts and none of which we find persuasive here. *See, e.g., Willis & Bell v. Commonwealth,* 218 Va. 560, 238 S.E.2d 811 (1977); *Jordan v. Commonwealth,* 169 Va. 898, 194 S.E. 719 (1938); *Grinnelle v. Commonwealth,* 157 Va. 915, 161 S.E. 888 (1932); *Vance v. Commonwealth,* 155 Va. 1028, 154 S.E. 512 (1930).

For these reasons, we hold that the trial court did not err in its findings of guilt. Consequently, the judgment order appealed from will be

*Affirmed.*