*719 BENTON, Judge,
concurring.
I agree "with the majority’s holding that the trial judge erred in refusing to order a mental examination of Bobby J. Simerly pursuant to Code § 19.2-300. I separately concur, however, because I believe the majority opinion lowers the bar too drastically when it holds that a sexual assault involving the use of force, which need only be slight in certain circumstances, see Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979), proves “sexual abnormality” sufficient to trigger the application of Code § 19.2-300. In my view, this offense falls within the ambit of “sexual abnormality” because of the nature and degree of violence that Simerly employed.
To the extent that the Report of the Commission To Study Sex Offenders (S. 18 1951) is helpful in determining this issue, I believe it primarily focused upon those offenders who “are aggressive and carry out their heinous crimes with a complete disregard of the consequences both to the victim and the aggressor.” S. 18 at 1. The report concerned only “a low percentage [of sex offenders] — three to five percent — [who] are dangerous,” id. at 4, and it seeks to differentiate between persons who may be described generally as “sexual deviates” and persons who are “dangerous sex offenders].” Id. at 1-2, 4. The report further noted that “[t]hose who are sent to the mental hospitals under the recommendations of this report will have engaged in acts of violence.” Id. at 8 (emphasis added). The report focused its recommendations upon offenders “convicted of a crime for which the punishment may be death or life imprisonment.” Id. at 5, 7.
The evidence proved that Simerly grabbed the victim’s hair, forcibly dragged her into the woods, kicked her in the face, and raped her while she was physically* restrained. By urging a greater limitation than that accepted by the majority, I do not intend to suggest that a forcible sexual assault committed without aggravated violence is less culpable than one committed with aggravated violence. The issue before us is not whether the offense is somehow mitigated on the basis of the *720 force employed. The issue is merely whether the offender should be subjected to a mental examination before sentencing. I would hold that the violence which accompanied this rape made the “offense [one] which indicates sexual abnormality.” Code § 19.2-300.
For these reasons, I agree with the majority opinion that we should reverse and remand for a mental examination and resentencing pursuant to Code § 19.2-300.