Present:  All the Justices

JAMES MARTIN

v.  Record No. 052060     OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 8, 2006
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

James A. Martin was convicted of aggravated sexual battery, a violation of Code § 18.2-67.3, based on events occurring in February 2003.[1]  The facts are undisputed. Martin, then fourteen years old, exposed his penis to the eight-year-old victim, asked the victim to masturbate him and, following Martin's directions, the victim complied.  Martin's conviction was affirmed by the Court of Appeals in an unpublished opinion with one judge dissenting.  Martin v. Commonwealth, Record No. 1966-04-4 (Sept. 6, 2005).  The issue in this appeal, as in the courts below, is whether the controlling statutes required the use of actual force to establish sexual abuse as defined by the 2003 version of Code § 18.2-67.10(6)(b).[2]

_____

[1] Code § 18.2-67.3 (1996) was amended in 2004 but that amendment did not alter the provisions of subsection (A)(1) under which Martin was convicted.  See 2004 Acts ch. 843.

[2] Former Code § 18.2-67.10(6)(1996), defining sexual abuse, was amended in 2004.  See 2004 Acts ch. 741 (amending subsection (b) of former Code § 18.2-67.10).  Subsequent references to this statute are to the version in effect at the time of the offense in this case unless otherwise indicated.

At the time of this offense, "sexual abuse" was defined by Code § 18.2-67.10(6) as an act

> committed with the intent to sexually molest, arouse, or gratify any person, where:
>    a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
>    b.  The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
>    c.  The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

Code § 18.2-67.3(A)(1) provides that a person is guilty of aggravated sexual battery

> if he or she sexually abuses the complaining witness, and

> 1.  The complaining witness is less than thirteen years of age.

Martin was convicted of aggravated sexual battery under subsection (A)(1) of Code § 18.2-67.3 based on his sexual abuse of the victim under subparagraph (b) of Code § 18.2-67.10(6).

Martin argues that Code § 18.2-67.10(6)(b) required an overt act of actual force and that, in the absence of such an act, his conviction cannot be sustained.  Martin supports his position with three arguments.  First, he claims the plain meaning of "force" or "forces" requires an overt physical act; second, adopting the reasoning of the dissent in the Court of

Appeals, he asserts that allowing proof of age to satisfy elements in both statutes would be "incongruous;" and finally, he argues that in 2004 the General Assembly substantively changed the law by eliminating force from a category of acts that constitute sexual abuse of children under the age of thirteen resulting in the conclusion that actual force was required prior to the amendment.[3] We consider Martin's arguments in order.

First, the General Assembly has not defined "force" in the context of sexual abuse. Nevertheless, our cases have discussed the nature of "force" in sexual offenses and we have repeatedly held that "force" includes both actual and constructive force. For example, in a prosecution for rape, we held that "force, actual or constructive" is an essential element of the crime, Stump v. Commonwealth, 137 Va. 804, 807, 119 S.E. 72, 73 (1923), and in Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947), we stated that "[u]nder the law two types of force, active and constructive, are recognized." See also Jones v. Commonwealth, 219 Va. 983,

---

[3] Martin also relies on Johnson v. Commonwealth, 5 Va. App. 529, 534-35, 365 S.E.2d 237, 240 (1988), in which the Court of Appeals held that a conviction for aggravated sexual battery under Code § 18.2-67.3(2) required overt force. That case is not relevant here because the victim was over the age of thirteen and the sexual abuse was alleged pursuant to acts described in Code § 18.2-67.10(6)(a). Id. at 532-34, 365 S.E.2d at 239-40.

3

985, 252 S.E.2d 370, 372 (1979) (General rule that "force, actual or constructive" is essential element of non-statutory rape). Given this long history in which our jurisprudence has recognized that "force" may include both constructive and actual force and in the absence of any legislative definition of "force," we cannot conclude that the General Assembly intended to limit the meaning of the word "force" to actual force for purposes of Code § 18.2-67.10 (6)(b). See Waterman v. Halverson, 261 Va. 203, 207, 540 S.E.2d 867, 869 (2001) ("The General Assembly is presumed to be aware of the decisions of this Court when enacting legislation."); Dodson v. Potomac Mack Sales & Service, Inc., 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991).

Equally long-standing is the principle that in the context of sexual crimes, an act undertaken against a victim's will and without the victim's consent is an act undertaken with force. Jones, 219 Va. at 986, 252 S.E.2d at 372. Again, in the context of a rape prosecution, we held that constructive force exists if the victim could not legally consent to the act. Stump, 137 Va. at 807, 119 S.E. at 73. Proof of the absence of legal consent provides "all the force which the law demands as an element of the crime." Bailey v. Commonwealth, 82 Va. (7 Hans.) 107, 111 (1886). For these reasons, we reject Martin's contention that as used in Code

4

§ 18.2-67.10(6) "force" means actual force, and we conclude that "force" includes actual and constructive force and that constructive force includes engaging in proscribed conduct with a victim who is under the legal age of consent.

Martin's second argument is based on the reasoning of the dissent in the Court of Appeals: "Where a statute proscribes certain behavior based on both the age of the victim and the fact that the act was accomplished using force, it would be incongruous to conclude that proving the victim was beneath the common-law age of consent also satisfied the express requirement of proving force." Martin, Record No. 1966-04-4, slip op. at 11 n.5 (Elder, J., dissenting). We disagree that the use of a common set of facts for proof of differing elements of a crime is incongruous.

The prosecution for aggravated sexual battery in this case required a showing of sexual abuse under Code § 18.2-67.10(6)(b), which includes proof of force, and a showing that the victim was under 13 years of age, Code § 18.2-67.3(A)(1). The common factual element in this case – the age of the victim – serves as proof of both the force requirement and the age requirement. Such a circumstance is neither improper nor incongruous.

Finally, Martin asserts that the 2004 amendment to Code § 18.2-67.10(6) supports his contention that, prior to that

5

amendment, actual force was necessary to establish sexual abuse under the circumstances of this case. The 2004 amendment added a new subparagraph (c) to the definition of sexual abuse set out in that statute: where the accused causes a victim under the age of thirteen to touch the intimate parts or clothing covering the intimate parts of the accused, the victim or another person. Code § 18.2-67.10(6)(c). The 2004 amendment did not remove the element of force from the other actions defined as sexual abuse nor did it define "force" to exclude constructive force. The substantive change effected by the 2004 amendment was the creation of a category of sexual abuse based on the age of the victim. While force is not an element of this category of sexual abuse, it does not follow that actions undertaken with constructive force could not qualify as sexual abuse under other provisions of the current statute or under the provisions of the previous statute. Therefore, we do not consider the 2004 amendment as altering the definition of force when used in the context of sexual crimes.

Accordingly, for the reasons stated in this opinion, we conclude that the evidence showed that Martin sexually abused the victim as defined by former Code § 18.2-67.10(6)(b) and that the victim was under thirteen years of age. Accordingly, we will affirm the judgment of the Court of Appeals sustaining

6

Martin's conviction of aggravated sexual battery under former

Code § 18.2-67.3(A)(1).[4]

Affirmed.

---

[4] Martin did not provide any argument in support of his second assignment of error relating to a finding of "constructive force" based on the disparity in age between Martin and the victim. Consequently, we do not address this issue.  Rule 5:17(c); Rule 5:27.