COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


HARRISON LEE KANCZUZEWSKI

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2153-07-2                    JUDGE RANDOLPH A. BEALES
                                                                 MARCH 10, 2009

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HANOVER COUNTY
                                  John R. Alderman, Judge

            Jennifer M. Newman for appellant.

            Benjamin H. Katz, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        The trial judge convicted Harrison Lee Kanczuzewski (appellant) of animate object

sexual penetration, in violation of Code § 18.2-67.2.  Appellant on appeal challenges the

sufficiency of the evidence supporting his conviction.  He argues that the trial court erroneously

accepted as credible the victim's testimony that the penetration of her labia majora was

non-consensual.  Furthermore, appellant argues that, even if the touching was non-consensual,

the Commonwealth failed to prove beyond a reasonable doubt that the touching involved more

force other than merely that force required to accomplish the unlawful touching.  For the reasons

stated below, we affirm.

                                    I. BACKGROUND

        Appellant and the victim, who were acquaintances at Randolph-Macon College, attended

the same fraternity party on September 30, 2006, although they did not arrive at the party

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

together. The victim testified that she consumed at least two "Flaming Dr. Peppers"[1] in an upstairs room of the fraternity house; she had no recollection how she got downstairs or exited the house. The victim did remember accepting appellant's offer to help her walk back to her dormitory, and they began walking across a football field in the direction of the dormitory. Appellant's fraternity brother testified that he recalled that the victim stumbled as she walked and was supported by appellant as they walked across the field.

The victim testified that she recalled telling appellant that she felt sick and dizzy during the walk across the football field and that she needed to take a breath for a moment. She put her hand on appellant's arm for stability. Then, she testified, appellant grabbed her, and "all of a sudden, he had his hand up my vagina." She told him that it hurt and asked him to stop, but she testified that "he proceeded on for about one or two minutes."

The victim testified that she did not remember arriving at her dormitory, but she recalled being sick in the bathroom at her dormitory after the incident on the football field. She remembered being taken to the hospital, and observing blood on her skirt after being placed in a hospital bed.

Dr. William Shafer examined the victim at the hospital during the early morning hours of October 1, 2006. According to Dr. Shafer, the victim exhibited slurred speech and was unable to stay awake during his examination. Dr. Shafer testified that the victim had vaginal bleeding, and her clothing was blood-stained from the waist down.

The victim was referred to Lynn Sotzing, a forensic sexual assault nurse examiner, who examined the victim twice during the early morning hours of October 1, 2006. Sotzing testified that the victim ranged from being difficult to arouse to being emotionally distraught during the

---

[1] According to appellant, a "Flaming Dr. Pepper" consists of a shot glass filled with amaretto and ignited 151-proof rum, which is dropped into a glass containing four or five ounces of beer.

first forty-five-minute examination, in which the victim indicated she did not wish to press charges against appellant. The victim was more lucid and alert during the second interview held four hours later, during which the victim indicated she wished to press charges.

Sotzing then conducted a "head to toe" physical examination of the victim. Sotzing testified that the victim had some superficial external injuries, which were either from cheerleading practice or unexplained. However, when Sotzing retracted the victim's labia majora, she made a note of redness in the vestibule, and there was blood clotting in that area. According to Sotzing, "there appeared to be a jagged break in the hymen that was obviously greater than fifty percent through the width of the hymen in that particular area." The rest of the hymen was "acutely" and "actively bleeding."

After the conclusion of the Commonwealth's evidence, appellant testified that, during their walk across the football field, the victim stopped to catch her breath. The two then began to kiss, and the victim began groping him in the genital area. Appellant testified that he then began to fondle her for three to four minutes, until he stopped of his own volition.

Sitting without a jury, the trial court heard argument concerning whether appellant committed unlawful animate object sexual penetration against the victim's will by force or through the victim's alleged mental incapacity. The trial court made no finding concerning mental incapacity, but it did find that there was "a rather significant probing, such that the hymen ha[d] a jagged tear in it." The trial court then found "there was force" used against the victim's will, and the trial court found appellant guilty under Code § 18.2-67.2.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

## A.  WITNESS CREDIBILITY

Appellant argues that the trial judge erroneously found the victim's trial testimony was credible and incorrectly rejected appellant's account that the touching of her vaginal area was consensual and was preceded by the victim's fondling of his genital area. Appellant contends that the victim's testimony concerning the nature of the physical contact between the two was unbelievable and uncorroborated. At oral argument on appeal, however, appellant's counsel acknowledged the deference with which an appellate court must treat the credibility determinations made by a factfinder.

Applying the usual standard of review on appeal, "the credibility of witnesses and the weight to be accorded their testimony are questions for the fact finder." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991). The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Here,

the victim acknowledged at trial that she did not recall everything that occurred on the night of September 30, 2006, owing to her intoxication, and no trial evidence other than appellant's testimony contradicted her account of what occurred during the walk across the football field. The victim's testimony concerning the non-consensual nature of the physical contact was not inherently incredible, see Nobrega v. Commonwealth, 271 Va. 508, 518, 628 S.E.2d 922, 927 (2006) (stating that an appellate court must accept the trial court's determination of the credibility of witness testimony unless the testimony is inherently incredible as a matter of law), and the trial judge as fact finder here was under no obligation to accept appellant's version as credible, see Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). The trial court was entitled to accept the victim's account and reject appellant's testimony. Accordingly, we will not disturb the trial court's credibility determinations on appeal.

## B. REQUISITE USE OF FORCE

Appellant also argues that, even if the touching was non-consensual, the Commonwealth failed to demonstrate he used the required degree of force necessary for him to be convicted under Code § 18.2-67.2.

"An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness" and if "[t]he act is accomplished against the will of the complaining witness, by *force*, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity[2] or physical helplessness." Code § 18.2-67.2 (emphasis added). Here, the trial court

---

[2] The Commonwealth asserts that the victim's alleged mental incapacity, owing to her intoxication on the night of September 30, 2006, provides an alternative basis upon which to hold that appellant violated Code § 18.2-67.2. As we hold that a rational factfinder could find

found that appellant accomplished the animate object sexual penetration of the victim by force. The trial court's stated rationale for finding that sufficient evidence established appellant's use of force was the degree to which the victim's hymen was torn, which, the trial court found, evinced "a rather significant probing" committed by appellant. The trial court's finding of force is examined on appeal by reviewing the totality of the evidence, see Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004), and "it is our duty to look to that evidence which tends to support the verdict" when the sufficiency of the evidence is challenged on appeal, Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961).

Previously, in a case interpreting the word "force" as it is used in Code § 18.2-67.3 (aggravated sexual battery), we stated that

> the issue is whether, on the facts of this case a mere nonconsensual touching of the intimate parts of the complaining witness comes within the statutorily defined criminal act or whether some additional force is required. . . . [W]e conclude from the language of the statutes that the legislature intended *some force other than merely that force required to accomplish the unlawful touching* to be included within the statutorily defined criminal acts of either sexual battery or aggravated sexual battery.

Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988) (emphasis added). Applying this definition of "force" for the purpose of Code § 18.2-67.2, therefore, we review the totality of the evidence here to determine whether appellant used some force other than merely that force required to accomplish the unlawful touching that comprised the offense of animate object sexual penetration.

Appellant argues that, while the Commonwealth may have presented evidence of an unlawful, non-consensual touching, Sotzing's testimony concerning the extent to which the victim's hymen was torn failed to establish the requisite degree of force under Code § 18.2-67.2.

that appellant used the requisite degree of force under Code § 18.2-67.2, however, we need not reach and, therefore, decline to address this assertion by the Commonwealth.

In support of this proposition, appellant cites Sotzing's subsequent testimony that, "whether consensual or not consensual, you're going to get bleeding like" the degree of bleeding the victim experienced after the physical encounter with appellant. Notably, Sotzing testified that "the vaginal area has a lot of vascularization," and "when you have a break in the skin like that to the hymen and you have had enough alcohol in your system, it is not uncommon to get bleeding like that." Appellant claims that, even if his penetration of the victim's labia majora was non-consensual (or turned non-consensual after the victim told him to stop), the jagged tear of the victim's hymen and the subsequent bleeding from that area were not necessarily products of any additional force used by appellant. Therefore, appellant contends that the evidence adduced at trial provided an insufficient basis for the trial court's finding that appellant used the requisite force necessary for a conviction under Code § 18.2-67.2 by committing, as the trial court stated, "a rather significant probing" of the victim.

When viewing the totality of the evidence, however, we find that the significant tearing of the victim's hymen was not the only evidence supporting the trial court's finding that appellant used the requisite degree of force. Here, the victim testified on cross-examination:

> Q: [Y]ou grabbed hold of Harry's arm?
>
> A: Yes, I put my arm up and I grabbed him so I could stabilize myself, because I felt dizzy and nauseous.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> Q: And, at that point, what happened?
>
> A: At that point, I just remember him *grabbing me* and beginning to put his hand up my skirt and my panties and into my vagina.

(Emphasis added).

Therefore, the Commonwealth presented credible sufficient evidence that appellant did grab the victim, an act of force that was more than the force required to accomplish the unlawful

touching.  See Clark v. Commonwealth, 30 Va. App. 406, 410, 517 S.E.2d 260, 261 (1999) (holding, in the context of aggravated sexual battery, that the defendant's act of lying on top of the victim was more force than required to accomplish the unlawful act).  This additional act of force occurred either before or simultaneous to the unlawful touching, rather than after the unlawful touching had been completed.  Cf. Johnson, 5 Va. App. at 534-35, 365 S.E.2d at 240 ("Although Johnson pulled [the victim] back down on the bed when [the victim] attempted to get up, no touching of [the victim's] genitalia occurred thereafter.").

Furthermore, the victim testified that, after appellant began to penetrate her vagina, she said it hurt and told him to stop, but appellant "proceeded on" for another one to two minutes. Unlike the victim in Johnson, who pretended to be asleep when the touching occurred, see id. at 534, 365 S.E.2d at 240, the victim here, after appellant penetrated her vagina, told him to stop. Appellant's non-consensual act of continuing to penetrate the victim's vagina after she told him to stop reinforces the trial court's finding that force was used.

Viewing the totality of the evidence in the light most favorable to the Commonwealth, as we must on appeal, we hold that appellant's acts of grabbing the victim and continuing to penetrate her vagina after she told him to stop constituted additional and sufficient reasons – along with the "rather significant probing" of her vagina and hymen found by the trial court – upon which a rational factfinder could conclude that appellant used the requisite force under Code § 18.2-67.2.

III.  CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.

Powell, J., concurring.

I concur with the result but cannot join in the majority's analysis. I believe the trial court's finding that "a rather significant probing occurred" and the majority's finding that appellant's grabbing the victim was "an act of force that was more than the force required to accomplish the unlawful touching," are contrary to the facts and the law.

As an initial matter, this Court has recognized that

> [o]bject sexual penetration may be analogized to the crimes of rape (Code § 18.2-61), forcible sodomy (Code § 18.2-67.1), aggravated sexual battery (Code § 18.2-67.3), and sexual battery (Code § 18.2-67.4), in that each offense requires proof of "force, threat, or intimidation" or "mental incapacity" or "physical helplessness." Therefore, cases interpreting these sections of the code are useful in discerning the meaning and intent of Code § 18.2-67.2.

Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162-63 (2002) (citing First Nat'l Bank v. Holland, 99 Va. 495, 504, 39 S.E. 126, 129-30 (1901)).

Furthermore, our Supreme Court recently stated that "our cases have discussed the nature of 'force' in sexual offenses and we have repeatedly held that 'force' includes both actual and constructive force." Martin v. Commonwealth, 272 Va. 31, 34, 630 S.E.2d 291, 292 (2006).[3]

This Court has interpreted actual force to require "some force other than merely that force required to accomplish the unlawful [act]." Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988). "Where the complaining witness is at least thirteen years old, unless some force is used to *overcome the will of the complaining witness*, the unlawful touching constitutes common law assault and battery." Id. (emphasis added).

Accordingly, contrary to the apparent basis for the trial court's ruling, I would find that Sotzing's testimony only served to demonstrate penetration occurred. Nowhere in her testimony

---

[3] I would further note that the Supreme Court's use of the term "sexual offenses" as opposed to the specific act or circumstances at issue in Martin reinforces this Court's holding in Wactor as mentioned above.

does Sotzing state that the vascularization of the vaginal area or the tearing of the hymen was evidence of force beyond that necessary to accomplish the penetration. Further, nothing in Sotzing's testimony demonstrates that force was used to overcome the victim's will. Therefore, we cannot rely on Sotzing's testimony to prove that actual force was used.

As the majority states, the victim testified that she remembers appellant grabbing her; however, she further testified that "[she] was just being held up" by appellant. The victim also testified that appellant did not hold her down and she could not remember if appellant hit her or forced her to do anything she did not want to do. This is inconsistent with a finding that by grabbing the victim, appellant used actual force to overcome her will as opposed to merely steadying her, even when viewed in the light most favorable to the Commonwealth.

I would, however, find that the victim's lack of consent provided the constructive force necessary for conviction. "[A]n act undertaken against a victim's will and without the victim's consent is an act undertaken with force." Martin, 272 Va. at 35, 630 S.E.2d at 292 (citing Stump v. Commonwealth, 137 Va. 804, 807, 119 S.E. 72, 73 (1923)). "Proof of the absence of legal consent provides 'all the force which the law demands as an element of the crime.'" Id. (citing Bailey v. Commonwealth, 82 Va. (7 Hans.) 107, 111 (1886)); see also Mings v. Commonwealth, 85 Va. 638, 640, 8 S.E. 474, 475 (1889) ("The crime [of rape], however, really consists in the ravishment of a woman without her consent; and the question, therefore, always is, was the woman willing or unwilling?").

In the present case, the victim did not consent to the acts of appellant. Although the record is unclear as to who initiated the sexual contact, the victim or appellant, the record is clear that after penetration began, the victim told appellant to stop, and appellant continued "for about one or two minutes." The victim did not consent to appellant's continued penetration of her vagina, thus providing all of the force required under the law.

As such, I concur in affirming appellant's conviction, but on the basis that the victim's lack of consent provided the force required under Code § 18.2-67.2.