COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference


GILBERT R. NELSON, III

                                                        OPINION BY
v.        Record No. 0925-20-2        CHIEF JUDGE MARLA GRAFF DECKER
                                                      NOVEMBER 3, 2021
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ESSEX COUNTY
Herbert M. Hewitt, Judge

Peter L. Trible, Jr. (Trible Law Offices, PLC, on brief), for appellant.

Matt Beyrau, Assistant Attorney General (Mark R. Herring, Attorney
General, on brief), for appellee.


        Gilbert R. Nelson, III, appeals his conviction for aggravated sexual battery in violation of

Code § 18.2-67.3.  On appeal, he contends that the evidence was insufficient to prove he used

force to commit the act of sexual abuse.  We hold that the commission of the proscribed act

against a sleeping victim established a lack of consent that proved constructive force, thereby

satisfying the challenged element of the offense.  Consequently, we affirm the appellant's

conviction.

I.  BACKGROUND[1]

        The appellant was charged with sexually abusing J.A., who was at least thirteen years old

but less than fifteen, "against [her] will . . . by force[,] threat[,] or intimidation."  The offense

occurred on or about March 10, 2018.

────────────────────

        [1] On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing
from that evidence in the light most favorable to the Commonwealth, the prevailing party at
trial."  Chenevert v. Commonwealth, 72 Va. App. 47, 52 (2020) (quoting Williams v.
Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*)).

At the appellant's trial for aggravated sexual battery, J.A. testified that she was born on January 15, 2004. She explained that at the time of the March 2018 offense, the appellant was dating her adult cousin. J.A. related three incidents involving the appellant, the last of which resulted in the charged offense.

On the first occasion, in late February 2018, the appellant knocked on the bathroom door at J.A.'s residence while she was showering. A short time later, while J.A. was in her bedroom, she noticed that "the door was cracked" and the appellant was standing outside the door "[not] moving." He then quickly closed the door and ran outside. On the second occasion, in early March 2018, while J.A. was spending the night at her cousin's home, the appellant loaned his old phone to J.A. but then took it back from her to "check something." When he returned it, J.A. opened the phone and saw "a picture of his private parts," which the appellant then "swiped . . . away." Afterward, while J.A. was in the bathroom "doing [her] hair," the appellant entered and said, "[N]ow that you've seen me, it's time for me to see you."

The third occasion, the one upon which the instant charge was based, arose out of an event that took place about a week later, on March 10, 2018. J.A. was again spending the night at her cousin's home. She was watching her cousin's young children while her cousin and the appellant were at a party. J.A. fell asleep on the living room couch. Later, while sleeping, she "felt something" and "woke up to [find the appellant's] hands" were "down [her] pants." J.A. said that the appellant was also "whispering things in [her] ear" but she "couldn't really understand him." She testified that he was touching her "private area," which she demonstrated by pointing to her "genital[s]." J.A. indicated that although the appellant's "hand[s]" did not "go inside [her] at all," he was "definitely touching [her]." J.A. told her mother about the appellant's sexual contact with her, and they reported the incident to the police.

The appellant testified in his own behalf. With regard to the incident on March 10, 2018, he said that he was simply trying to watch television. He suggested that J.A. was attempting to hide the remote control from him and that he touched her leg as he retrieved the remote.[2]

In closing argument, the appellant's counsel suggested that the case involved an issue of witness credibility. He further emphasized that because J.A. was fourteen, the court was required to find that the act was "accomplished against [her] will . . . by force, threat or intimidation." Counsel argued that the evidence did not prove this element of the offense.

After hearing additional argument on the issue of force and reviewing relevant cases, the trial court concluded that constructive force was adequate to prove the "force, threat, or intimidation" element of the offense. The court convicted the appellant of aggravated sexual battery and sentenced him to twenty years in prison, with sixteen years suspended on various conditions.

## II. ANALYSIS

The appellant contends that the evidence was insufficient to show that he used force to perpetrate the sexual battery. He argues that because the touching began while the victim was asleep, he did not accomplish the offense by means of force, threat, or intimidation.

When considering a challenge to the sufficiency of the evidence, the appellate court views the evidence, and all reasonable inferences fairly deducible from it, in the light most favorable to the Commonwealth, the prevailing party below. Wactor v. Commonwealth, 38 Va. App. 375, 379 (2002). Determining the "credibility of the witnesses and the weight of the evidence" are tasks left "solely [to] the trier of fact" unless those determinations are "plainly wrong or without evidence to support [them]." Id. at 380. Consequently, "a reviewing court

---

[2] J.A., by contrast, indicated that she was "sure" that it "wasn't a situation" in which the appellant was "trying to get the remote control [for the television] from under [her] or anything like that."

- 3 -

does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Robinson v. Commonwealth, 70 Va. App. 509, 513 (2019) (*en banc*) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003)). Instead, the appellate court "ask[s] whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Crowder, 41 Va. App. at 663). Conversely, to the extent that resolution of the sufficiency challenge requires statutory interpretation, that aspect of the analysis "presents a pure question of law" that is "subject to de novo review" on appeal. See Washington v. Commonwealth, 272 Va. 449, 455 (2006).

The appellant was convicted of aggravated sexual battery in violation of Code § 18.2-67.3. Both the simple and aggravated forms of sexual battery require proof that the defendant "sexually abuse[d]" the complaining witness. See Code §§ 18.2-67.3(A), -67.4(A). Sexual abuse is defined in pertinent part as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." See Code § 18.2-67.10(6)(a). The portion of Code § 18.2-67.3 under which the appellant was charged and convicted additionally requires proof that the complaining witness was "at least 13 but less than 15 years of age" and that the act was "accomplished against the will of the complaining witness by force, threat[,] or intimidation." Code § 18.2-67.3(A)(4)(a); see also Code § 18.2-67.4(A) (requiring proof of force, threat, intimidation, or ruse to prove sexual battery but not containing an age requirement).

The appellant does not dispute the sufficiency of the evidence to prove that his acts fit the definition of sexual abuse or that the age of the complaining witness met the requirement to elevate the offense from sexual battery to aggravated sexual battery. He contends only that he did not accomplish the act "against the will of the [victim] by force, threat[,] or intimidation." In

- 4 -

short, the appellant argues that there was no actual force and that proof of constructive force is inadequate to establish the offense. The Commonwealth suggests that the evidence established that the appellant used actual force due to the duration of the touching. In the alternative, the Commonwealth argues that the aggravated offense can be committed through constructive force and that the evidence is sufficient to prove that type of force.

The Code itself does not define force in the context of sexual offenses. See Code § 18.2-67.10 (defining numerous terms used in the statutes proscribing various forms of criminal sexual assault but not defining force); see also Martin v. Commonwealth, 272 Va. 31, 34 (2006) (observing that the Code does "not define[] 'force' in the context of sexual abuse"). Nonetheless, "the Code of Virginia constitutes a single body of law[,] and . . . related sections can be looked to for interpretation of a section [in which] the same phraseology is used." Wactor, 38 Va. App. at 381. As a result, the Court may consider case law interpreting various statutory sexual offenses to the extent "that each offense requires proof of 'force, threat, or intimidation.'" Id. at 380 (citing Code §§ 18.2-61, -67.1, -67.3, -67.4); see Martin, 272 Va. at 34-35 (analogizing the force requirement for sexual abuse to that required to prove other sexual offenses). Additionally, we consider the totality of the circumstances when determining whether the sexual battery was accomplished using force. See Jones v. Commonwealth, 219 Va. 983, 986-87 (1979); Robinson, 70 Va. App. at 514.

Applying longstanding common law principles, Virginia's appellate courts have repeatedly held in the context of sexual offenses "that 'force' [is defined to] include[] both actual and constructive force." Martin, 272 Va. at 34-35. As the Supreme Court of Virginia expressly noted in Martin the General Assembly has not provided a statutory definition of force that applies to the sexual offenses proscribed in Chapter 4, Article 7, of Title 18.2. See id. (interpreting the meaning of "force" as used in the definition of the term "sexual abuse"

- 5 -

contained in Code § 18.2-67.10). Article 7 is the same portion of Title 18.2 that contains Code § 18.2-67.3, the aggravated sexual battery statute at issue in this case. See Code §§ 18.2-61 to -67.10.

"It is a common canon of statutory construction that when the legislature uses the same term in separate statutes, that term has the same meaning in each unless the General Assembly indicates to the contrary." Ricks v. Commonwealth, 290 Va. 470, 478 n.1 (2015) (quoting Commonwealth v. Jackson, 276 Va. 184, 194 (2008)); see also Thomas v. Commonwealth, 59 Va. App. 496, 500 (2012) (providing that statutes involving the same subject matter should, if possible, be construed together and harmonized). Therefore, the definition of force recognized in Martin, which includes constructive force, applies across all species of sexual offenses that require proof of force, including aggravated sexual battery. See Martin, 272 Va. at 34-35; see also Lay v. Commonwealth, 50 Va. App. 330, 336 n.1 (2007) (relying on Martin, 272 Va. at 34, in addressing the type of force required in a burglary case).

Constructive force is established "in the context of [such] crimes" if the act was undertaken "without the victim's consent" and "against [the] victim's will." Martin, 272 Va. at 35; see Gonzales v. Commonwealth, 45 Va. App. 375, 383 (2005) (*en banc*) (acknowledging "clear Virginia precedent," set out "as long ago as 1886," that lack of consent may prove force for purposes of sex crimes). The prosecution does not need to prove "'positive resistance'" by the victim if the crime was committed "without [his or] her consent." Jones, 219 Va. at 986 (quoting Mings v. Commonwealth, 85 Va. 638, 640 (1889)) (rape and forcible sodomy of adult victim).[3] Further, a lack of consent proving constructive force includes a situation in which the

---

[3] The General Assembly has acknowledged this principle in part. See Code § 18.2-67.6 ("The Commonwealth need not demonstrate that the complaining witness cried out or physically resisted . . . to convict the accused of an offense under this article, but the absence of such resistance may be considered when relevant to show that the act alleged was not against the will of the complaining witness.").

victim was incapable of consenting to the act. Martin, 272 Va. at 35 (addressing an absence of legal consent based on age); see Nicholson v. Commonwealth, 56 Va. App. 491, 510 (2010) (addressing an absence of legal consent based on mental incapacity). In other words, proof of a lack of consent "provides 'all the force [that] the law demands as an element of the crime.'" Martin, 272 Va. at 35 (quoting Bailey v. Commonwealth, 82 Va. 107, 111 (1886)); see Wactor, 38 Va. App. at 381 (quoting Bailey, 82 Va. at 111). A lack of consent establishing constructive force is adequate to prove the element of force required to uphold the appellant's conviction for aggravated sexual battery.

The Court now turns to the question of consent in the context of this case. Longstanding common law principles also recognize that a victim is unable to give consent for sexual contact while sleeping. See Travis v. State, 98 A.3d 281, 293-94 (Md. Ct. Spec. App. 2014) (citing cases); State v. Moorman, 358 S.E.2d 502, 506 (N.C. 1987) (explaining in a rape case involving sexual intercourse with a "sleeping[] or similarly incapacitated victim" that "the force and lack of consent are implied in law").[4] Here, it is undisputed that the victim was sleeping at the time the offense began.

The Supreme Court of Virginia observed in *dicta* in Bailey v. Commonwealth, 82 Va. 107 (1886), that "[i]n the ordinary case, *when the woman is awake*, of mature years, of sound mind, and not in fear, a failure to oppose the carnal act is consent." 82 Va. at 111 (emphasis added and omitted); see also Mills v. United States, 164 U.S. 644, 648 (1897) (making an

---

[4] Legal commentators also recognize these principles involving a sleeping victim. See, e.g., 2 Wayne R. LaFave, Substantive Criminal Law § 17.4(b) (3d ed. 2018) (noting the rule under English common law "that unlawful and forcible connection with a[n unconscious] woman . . . , whether that state [was] produced by the act of the [defendant] or not, [was] presumed to be without her consent" (quoting Commonwealth v. Burke, 105 Mass. 376, 379 (1870))); 3 Wharton's Criminal Law § 282 (Charles E. Torcia ed., 15th ed. 1995) (noting the common law principle that a rape victim is "incapable of consenting to sexual intercourse when . . . unconscious or asleep" (footnote omitted)).

identical observation with citation to 2 Joel Bishop, Criminal Law § 1122). However, Virginia's appellate courts have not directly addressed the issue of whether proof that a victim was sleeping when an act of sexual abuse began establishes a lack of consent amounting to constructive force.[5] Nonetheless, this Court's analysis in Wactor supports the application of common law principles regarding a sleeping victim to the offense charged in the instant indictment. That case involved the sufficiency of the evidence to support a conviction for object sexual penetration of a partially disabled victim. 38 Va. App. at 377-79. Wactor specifically challenged the element requiring proof that the act was "accomplished against the will of the complaining witness, by force, threat, or intimidation," the same language at issue in the appellant's case. Id. at 379-80 (quoting Code § 18.2-67.2(A)).

In deciding that case, the Court noted that the relevant inquiry in analyzing the force requirement is whether the act was accomplished "with or without the victim's consent." Id. at 381 (quoting Jones, 219 Va. at 986). It reasoned that "[w]herever there is a carnal connection[] and no consent in fact, . . . the wrongful act itself[ provides] all the force which the law demands as an element of the crime." Id. (quoting Bailey, 82 Va. at 111). The Court further explained that "the degree of force required to overcome [the victim's] will[] 'necessarily depend[s] on the circumstances of each case, taking into consideration the relative physical condition[s] of the participants.'" Id. at 382 (quoting Jones, 219 Va. at 986). Finally, it observed the holding of the Supreme Court of Virginia that the prosecution does not need to prove "positive resistance" by

---

[5] In Woodward v. Commonwealth, 12 Va. App. 118 (1991), this Court held that engaging in sexual intercourse with a sleeping victim can constitute commission of the crime of rape, in violation of Code § 18.2-61, by means of the victim's "physical helplessness." 12 Va. App. at 120-21 (noting that the definition of "physical helplessness" includes "unconsciousness" (quoting Code § 18.2-67.10(4))). Similarly, committing an act of sexual abuse through the use of the victim's physical helplessness is one form of aggravated sexual battery, the crime at issue here. See Code § 18.2-67.3(A)(2). In the appellant's case, however, the indictment charged that the offense was committed by force, threat, or intimidation, not by physical helplessness. Therefore, Woodward is inapplicable.

the victim if the crime was accomplished "without [his or] her consent." Id. (quoting Jones, 219 Va. at 986). Based on these principles, the Court held that the evidence proved that Wactor used constructive force to commit the offense without the victim's consent. See id. at 383-84.

In the instant case, the appellant took advantage of the fact that the victim was incapacitated by sleep to accomplish the touching that constituted sexual abuse. The sleeping victim could not and did not consent. While she was asleep on the couch, she "felt something" and "woke up to [find the appellant's] hands" were "down [her] pants" touching her genitals. This evidence, viewed in light of well-established common law principles and consistent with Virginia law, proves that the sleeping victim did not give consent for the sexual touching. Consequently, the appellant committed the offense of aggravated sexual battery using constructive force.[6]

### III. CONCLUSION

For these reasons, we hold that the evidence was sufficient to prove that the appellant used constructive force against the sleeping victim to commit aggravated sexual battery. Accordingly, we affirm the appellant's conviction. We remand the case to the trial court solely to determine whether the conviction or sentencing order contains a clerical error in its citation to the applicable form of aggravated sexual battery and, if so, to correct any such error.[7] See Code

---

[6] We hold that sleep rendered the victim unable to consent and proved constructive force. Accordingly, we do not consider the Commonwealth's alternative argument that the evidence proved constructive force due to an absence of legal consent solely because the victim was under the age of fifteen. See Commonwealth v. White, 293 Va. 411, 419 (2017) (applying best and narrowest ground principles to avoid a more "nuanced" issue). We also do not address the Commonwealth's assertion that the evidence proved actual force because we hold that it proved constructive force. See id.

[7] The indictment charged that the offense was committed against a victim "at least thirteen (13) years[] old but less than fifteen (15) years[] old." The conviction order indicates that the charge involved a "victim <13 years [old]" and the conviction was for the offense involving a victim ">13 yrs" old. The sentencing order states that the crime of conviction involved a "[v]ictim <13year[s old]."

§ 8.01-428(B); see also, e.g., Jones v. Commonwealth, 70 Va. App. 307, 311 n.1, 334-35 (2019) (*en banc*).

Affirmed.