COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Athey and Callins

JOSE A. TORRES QUIROS

v.      Record No. 0226-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JUNE 10, 2025

FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Paul W. Cella, Judge

(Taylor B. Stone; Janus & Stone P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


On August 16, 2023, a jury empaneled in the Circuit Court of Powhatan County ("trial

court") convicted Jose Torres Quiros ("Quiros") of object sexual penetration by force in

violation of Code § 18.2-67.2(A)(2), for which the trial court sentenced him to 20 years'

incarceration, with 12 years and 10 months suspended. On appeal, Quiros contends that the

evidence was insufficient to prove both penetration and force. Finding no error, we affirm the

trial court's judgment.[1]

---

*This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

# I. BACKGROUND[2]

On May 8, 2022, then 15-year-old A.E.[3] lived with her mother, stepfather, brother, and sister in Powhatan County. Quiros is her stepfather's brother, and A.E. referred to him as her step-uncle. That evening, A.E. was watching a movie in the living room when Quiros and A.E.'s sister arrived home. Quiros sat "[r]ight next to" A.E., who was covered by a blanket while sitting on a two-seat recliner. Quiros then placed his hand under the blanket on A.E.'s thigh, which was covered by her leggings. Quiros then moved his hand beneath the front of A.E.'s leggings and onto her vagina. Startled by Quiros's advance, A.E. attempted to move from the recliner. And as she did so, Quiros continued to touch her vagina while she tried to move away. Eventually, A.E. was able to escape from Quiros by exiting the recliner and leaving the room. When she reentered the room, she sat on a couch away from Quiros.

On May 10, 2022, A.E. reported the assault to her family, who then reported it to law enforcement. The investigation into Quiros originated in Powhatan County. The Powhatan County Sheriff's Office contacted and involved Henrico County in the investigation as Henrico County had officers fluent in Spanish who could translate Quiros's responses. Henrico County Police Officer Christian Balderas ("Officer Balderas"), who spoke Spanish fluently, and Detective Meghan Fillius ("Detective Fillius"), who could understand Spanish but not speak it, were then tasked with interviewing Quiros concerning the alleged abuse. Before being interviewed, Quiros voluntarily agreed to participate and upon his request, he was driven to the Henrico County Police

---

[2] "On appeal, we recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Konadu v. Commonwealth*, 79 Va. App. 606, 610 n.1 (2024) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)). "Doing so requires that we 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

[3] We use initials to help protect the victim's privacy.

Office for the interview. Before the interview began, Quiros was informed by law enforcement that he could leave the interview at any point if he so desired. When the officers asked Quiros if he knew why they wanted to speak with him, Quiros responded that it was for the alleged "sexual abuse" of A.E. Detective Fillius then asked Quiros if he had ever touched A.E.'s vagina. Quiros responded by admitting that he had touched A.E.'s vagina. Quiros explained that on May 8, 2022, he and A.E. were alone in the living room and that A.E. asked him for a blanket. Quiros then admitted to touching her vaginal area over her clothing and to placing his hand under her clothes. Quiros further volunteered that one of his fingers "entered" A.E.'s vagina. Quiros also conceded that A.E. had never requested that he touch her.

During the jury trial held on August 16, 2023, A.E. testified consistent with her prior interview with law enforcement. Both Detective Fillius and Officer Balderas also testified concerning their prior interview with Quiros, including that Quiros admitted to committing the alleged crimes involving A.E. Quiros testified, denying having had any inappropriate physical contact with A.E. However, Quiros admitted that he had previously confessed to the crimes while being interviewed by law enforcement. At trial, Quiros explained that he had previously confessed to the crimes "[b]ecause of fear" of "[s]omething major." He also claimed that he confessed because he thought he would be arrested if he did not confess.

At the conclusion of all the evidence, Quiros moved to strike, arguing that the evidence failed to prove that he penetrated A.E.'s vagina or that he used force to accomplish the crime. The trial court denied his motion to strike and following closing arguments, the jury convicted Quiros of object sexual penetration by force under Code § 18.2-67.2. On December 4, 2023, the trial court entered a final order sentencing Quiros to 20 years' incarceration, with 12 years and 10 months suspended. Quiros appealed.

## II. ANALYSIS

### A. *Standard of Review*

As recently admonished by the Supreme Court of Virginia, "[a]ppellate courts are courts of review, not first view." *Commonwealth v. Holland*, ___ Va. ___, ___ (Jan. 16, 2025). Thus, we "review[] a lower court's findings of fact 'with the highest degree of appellate deference.'" *Commonwealth v. Wilkerson*, ___ Va. ___, ___ (Feb. 20, 2025) (quoting *Commonwealth v. Barney*, 302 Va. 84, 96 (2023)). Per this deference, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024) (alteration in original) (internal quotation marks omitted).

As a result, "when reviewing whether the evidence was sufficient to convict a defendant of a criminal offense, an appellate court has a 'limited' role, and '[t]he only relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Wilkerson*, ___ Va. at ___ (alterations in original) (quoting *Garrick*, 303 Va. at 182). We "may neither find facts nor draw inferences that favor the losing party that the factfinder did not. This remains so even when the factfinder *could* have found those facts or drawn those inferences but, exercising its factfinding role, elected not to do so." *Garrick*, 303 Va. at 182. "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). And "[t]he question whether there exists evidence in corroboration of [a] confession is . . . a question for the trier of fact." *Jefferson v. Commonwealth*, 6 Va. App. 421, 425 (1988).

B. *The record contains sufficient evidence to establish penetration.*

Quiros contends that A.E.'s testimony was not clear regarding his finger penetrating her vagina and thus, the evidence was insufficient to support that finding. We disagree.

A conviction of object sexual penetration requires the Commonwealth to prove that the defendant "penetrate[d] the labia majora or anus of [the] complaining witness." Code § 18.2-67.2(A). But this penetration need only be "slight" and does not require skin-to-skin contact. *Davis v. Commonwealth*, 272 Va. 476, 479 (2006). A finding of penetration "is not dependent on direct testimony from the victim that penetration occurred." *Jett v. Commonwealth*, 29 Va. App. 190, 194 (1999) (en banc) (quoting *Morrison v. Commonwealth*, 10 Va. App. 300, 301 (1990)).

"In Virginia, it was long ago recognized that 'it is "essential" in a criminal prosecution that the Commonwealth must prove the corpus delicti, that is, "that a [crime] has been committed."'" *Terlecki v. Commonwealth*, 65 Va. App. 13, 25 (2015) (alteration in original) (quoting *Allen v. Commonwealth*, 287 Va. 68, 74 (2014)). Under the rule, "'an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession.' Instead, '*slight corroboration* of the confession is required to establish corpus delicti beyond a reasonable doubt.'" *Allen*, 287 Va. at 74 (first quoting *Watkins v. Commonwealth*, 238 Va. 341, 348 (1989); and then quoting *Cherrix v. Commonwealth*, 257 Va. 292, 305 (1999)). Slight corroboration "need not be 'of all the contents of the confession, or even all the elements of the crime,'" and may be proved either by direct or circumstantial evidence. *Id.* (quoting *Watkins*, 238 Va. at 348). "[I]f the facts offered to satisfy the slight corroboration requirement are 'just as consistent with non-commission of the offense as . . . with its commission,' then slight corroboration does not exist." *Id.* at 75 (second alteration in original) (quoting *Phillips v. Commonwealth*, 202 Va. 207, 212 (1960)). But, if the corroborating evidence "'is consistent with a reasonable inference' that

the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession." *Powell v. Commonwealth*, 267 Va. 107, 145 (2004).

Here, viewing the record in the light most favorable to the Commonwealth, Quiros confessed to two law enforcement officers that his finger penetrated A.E.'s vagina during the assault.[4] Because Quiros confessed to the crime, only slight corroboration of his confession was needed to convict him of the offense. *Cherrix*, 257 Va. at 305. A.E. testified that on May 8, 2022, in the living room of her home, Quiros touched her vagina under her clothing. A.E.'s testimony of the place, time, and manner of the assault is consistent with Quiros's confession as to the events that occurred. Hence, her testimony sufficiently corroborated Quiros's confession under the corpus delicti rule.[5] *See Powell*, 267 Va. at 145. Although Quiros tried to explain away his confession at trial, the jury "is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Marsh v. Commonwealth*, 57 Va. App. 645, 655 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Since, we find that a reasonable factfinder, having heard Quiros's confession and A.E.'s corroborating testimony, could

---

[4] Quiros insinuates on brief that the officers' translation was not credible, but Quiros testified at trial that he made those statements. Thus, we must disregard his argument as contrary to the record. *Konadu*, 79 Va. App. at 609.

[5] Unlike cases where our Supreme Court has found insufficient evidence to find penetration due to the victim's statements, here A.E.'s testimony of Quiros's assault, did not contradict his confession. *See Moore v. Commonwealth*, 254 Va. 184, 189 (1997) (noting that reversal of a conviction was necessary "where the prosecution has presented, from the mouth of the victim, two different accounts of the essential facts relating to [penetration,] a crucial element of the crime."). In the light most favorable to the Commonwealth, A.E.'s testimony that Quiros held his hand under her clothes to touch her vagina is *consistent* with Quiros's confession that his finger penetrated her vagina during that touching. Thus, Quiros's contention that his conviction must fail because A.E.'s testimony is arguably less detailed *as his confession* is unpersuasive as a consequence.

have concluded beyond a reasonable doubt that Quiros penetrated A.E.'s vagina during the assault, we are compelled to hold that the evidence was sufficient to prove penetration based on the record.

C. *The record also contains sufficient evidence to prove that Quiros accomplished the assault through the use of force.*

Finally, Quiros asserts that A.E.'s testimony failed to establish "that her body [was] locked down" during the assault; thus, the Commonwealth's evidence was insufficient to support their contention that he used force to commit the assault. We disagree.

First, the Commonwealth was required to prove that the sexual assault was "accomplished against the will of [A.E.], by force, threat or intimidation." Code § 18.2-67.2(A)(2). In addition, "[w]hen reviewing convictions of sexual battery done 'by force,' we consider the totality of the circumstances." *Robinson v. Commonwealth*, 70 Va. App. 509, 514 (2019) (en banc). "[F]orce is established 'in the context of [such] crimes' if the act was undertaken 'without the victim's consent' and 'against [the] victim's will.'" *Nelson v. Commonwealth*, 73 Va. App. 617, 625 (2021) (second and third alterations in original) (quoting *Martin v. Commonwealth*, 272 Va. 31, 35 (2006)); *see Gonzales v. Commonwealth*, 45 Va. App. 375, 383 (2005) (en banc) (acknowledging "clear Virginia precedent," set out "as long ago as 1886," that lack of consent may prove force for purposes of sex crimes). Hence, "[t]he prosecution does not need to prove 'positive resistance' by the victim if the crime was committed 'without . . . her consent,'" because "proof of a lack of consent 'provides "all the force [that] the law demands as an element of the crime."'" *Nelson*, 73 Va. App. at 625-26 (third alteration in original) (first quoting *Jones v. Commonwealth*, 219 Va. 983, 986 (1979); and then quoting *Martin*, 272 Va. at 35).

Here again, when viewing the record in the light most favorable to the Commonwealth, A.E. testified, and Quiros admitted to the officers, that A.E. never asked for nor consented to Quiros touching her vagina. Hence, the lack of consent *alone* was sufficient to show Quiros used force in this case. *Nelson*, 73 Va. App. at 625. However, that is not the only evidence of force in the record.

- 7 -

In fact, A.E. testified that she tried to move away from Quiros when he touched her but was unable to break Quiros's hold on her. Thus, from these facts in the record, we cannot find that a reasonable factfinder could not have concluded, beyond a reasonable doubt, that Quiros used force to overcome A.E.'s will while committing the crime of object sexual penetration. Therefore, we hold that the evidence in the record was sufficient for the factfinder to conclude that Quiros used force to accomplish the assault and accordingly, we affirm Quiros's conviction.

III. CONCLUSION

We find that the evidence supported the jury's findings that Quiros penetrated A.E.'s vagina with his finger and used force to do so. Therefore, finding no error, we affirm the trial court's judgment.

*Affirmed.*